BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Attorneys for Defendant:
WEN YUEH LU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WEN YUEH LU,<br><br>Defendant. | CRIMINAL CASE NO. 06-00031<br>MAGISTRATE<br><br>MOTION FOR RELEASE OR TO<br>REDUCE BAIL CONDITIONS;<br>MEMORANDUM IN SUPPORT<br>OF MOTION |

### MOTION

COMES NOW Defendant WEN YUEH LU, through counsel undersigned, and brings this Motion pursuant to 18 U.S.C. §3142(b) and (c). Defendant WEN YUEH LU has been held in jail by virtue of order denying any bail entered on December 9, 2006. This is the equivalent of four (4) nights and five (5) days prior to hearing on this Motion. This Motion is based on the Declaration of Counsel filed herewith, accompanying Memorandum of Points and Authorities and any evidence which may be presented at the hearing of this matter. Defendant Lu respectfully requests that he be released to his third party custodian and/or a reasonable bail set.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

**ORIGINAL**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND.

Summary

Defendant WEN YUEH LU is a Taiwanese fifty-eight (58) year old man. Defendant was born in Taiwan (Republic of China). He has been married since 1968, and the couple have two children. While unemployed at present, Mr. Lu has a sterling career of 32 years on the ocean as a ship's captain or fishmaster. No criminal record of arrest or conviction exists in the world.

1. Offer of Third Party Custodian in Guam.

Significantly Defendant Lu has a volunteer third party custodian: **Mr. Hu, Tai Li**. He is the owner of Tumon Bay Capital Hotel located in 1448 Pale San Vitores Road, Tumon, Guam 96913. Phone No.: (c) 483-7578, and (w) 646-3903. The hotel shall provide a permanent residence of room and board without any further expense to the public. Mr. Hu understands the obligations of service to this Court as a third party custodian. He has been interviewed, briefed and approved by Pre-Trial Services on December 11, 2006.

The rooms in the Tumon Bay Capital Hotel have no dedicated phone lines access yet. But, all rooms have telephones. GTA informs counsel undersigned that within one working day a dedicated phone line may be installed to any room in the Tumon Bay Capital Hotel thus permitting bracelet / radio control monitoring, should such control be necessary in light of all other circumstances.

2. Cash Bond.

If required, Defendant Lu offers to post and deposit a reasonable cash

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

bond to secure his appearance for this misdemeanor Trial scheduled on February 2, 2007.

3. <u>Mr. Lu's Cooperation After Arrest</u>.

Defendant Lu has cooperated with the Government and provided a complete sworn statement and oral testimony by deposition under cross examination by Assistant U.S. Attorney Mikel Schwab on December 7 and 8, 2006 in Guam. The USA examined in detail every factual question it could think of on cross-exam between December 7 and December 8. No <u>U.S. Const.</u> V Amend rights were asserted in the deposition.

While Mr. Lu was in charge of the vessel Marshalls 201 after September 9, 2006, he did at all times volunteer amicably and completely to bring his more than 1,000 ton vessel (super-purse seiner) into the port of Guam. Thereafter, Defendant Lu remained on board the vessel and complied with every command of the U.S. Coast Guard, Department of Homeland Security and the Office of the United States Attorney until both the vessel and he was released on October 13, 2006.

4. <u>But for the U.S. Objection to Deposition in Taiwan, Mr. Lu Would Not Visit Guam</u>.

Originally, the civil case CV06-00030 deposition of ex-fishmaster Mr. Lu would have been taken in Taipei, Taiwan on November 21, 2006. <u>See</u>, Counsel for Defendant Marshall 201, e-mail to Assistant U.S. Attorney M. Schwab, dated November 10, 2006, attached Exhibit "1" to Declaration of Defendant's Counsel filed herewith. Then, the U.S. Attorney's office for Guam objected and stated they could not fly in to a foreign country for a deposition without a time consuming delay to obtain a foreign country clearance from the U.S. Government. <u>See</u>, E-Mail, M. Schwab, Assistant U.S. Attorney,

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

dated November 10, 2006, Exhibit "1".

To cooperate in the assertion of a time-consuming U.S. objection (they could not travel to Taiwan) which was their grounds to delay the deposition in Taiwan, the defendant Marshalls 201 volunteered to change the location of Mr. Lu's deposition and bring Mr. Lu to Guam. See, E-Mail, Defendant's Attorney D. Berman, dated November 13, 2006. Exhibit "2". Shortly thereafter, the place for the deposition was agreed and never disputed. Defendant Marshalls 201 provided their Notice of Deposition, dated November 14, 2006, Exhibit "3".

On November 22, 2006, the U.S. filed its Motion To Quash the Deposition of Mr. Lu scheduled on December 7, 2006, because no scheduling conference had been completed in CV06-00030 (now scheduled January 3, 2007). The Order of this Court denied the USA Motion to Quash on November 30, 2006. See, Exhibit "4", Order Denying Motion to Quash, attached to Declaration.

5. <u>Cellular Phone Option</u>.

If required, Defendant Lu offers as further condition for security and monitoring, to purchase a dedicated cell phone to provide 24 hour contact and access by Pre-Trial Services, DHS, the Coast Guard or any other designated government agency.

6. <u>Underlying Complaint</u>.

Defendant contests the factual allegations and jurisdiction of the United States as exercised beyond both the 12 mile territorial limit, and beyond that equidistant EEZ line between Baker Island and the Republic of Kiribati. Serious and complex legal issues are involved in this arrest that remain for later adjudication in Trial.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

## II. LAW.

18 U.S.C.§3142(b) **Release on Personal Recognizance or Unsecured Appearance Bond** provides that:

> The judicial officer shall order the pre-trial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the Court, subject to the condition that the person not commit a federal, state or local crime during the period of release, unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

Based on the intent of the U.S. Congress, the law militates in strong favor of release on personal recognizance of the Defendant Lu, upon the stipulated conditions of the Government that include a hold on his passport during the period this case remains pending. The Bail Reform Act [18 U.S.C. §3142] carefully limits the circumstances under which detention may be sought. 27 Moore's *Federal Prac. 3rd* §646.20[3][c] (release from custody - presumptions at detention hearing) (2004). Despite enactment of the Bail Reform Act, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. Id; *citing* United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095 (1987).

Defendant would be ordered to attend all Court appearances or any other scheduled interview or appointment with Pre-Trial Services or at the Government request for an interview with defense counsel present.

Mr. Hu, the third party custodian in Guam has offered a room in a stable and easy to access residence in a secure hotel.

Also, if ordered, Defendant would purchase a cell phone for 24-hour access

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

and monitoring by the Government. Last, translators of the Chinese/English language are available to Defendant Lu.

In the event that §3142(b) is found not persuasive for application, then Defendant Lu submits 18 U.S.C. that §3142(c) **Release on Conditions** provides for alternate relief. Therein, this Court may establish orders and conditions that include, among others, the following:

(iv) Abide by specified restrictions on personal associations, place of abode or travel;

(v) Avoid all contact with the alleged victim of the crime and with the potential witness who may testify concerning new offense;

(vi) Report on a regular basis to a designated law enforcement agency, Pre-Trial Services Agency;

(vii) Comply with a specified curfew;

(viii) Refrain from possessing a firearm or other dangerous weapon;

(ix) Refrain from excessive use of alcohol or drugs.

Defendant Lu has no prior criminal record whatsoever. He has now served more than four days in jail and suffers isolation and segregation from the general population in prison, based on his failure to speak English. On information and belief, he is a senior professional, not formally educated and removed from any of his family, community and country, he is suffering grievously from jail for a misdemeanor offense. The custodian Mr. Hu will assist Defendant Lu in all respects related to translation of Chinese language and transportation to all Court appearances.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

Defendant Lu ordinarily would volunteer or work in a stable occupation but, such employment in Guam may or may not violate his duly authorized B2 Visa in this jurisdiction. Further, Defendant would agree to satisfy any other condition that is reasonable and necessary to assure his appearance at any court hearing.

## ARGUMENT

First, Defendant Lu submits that because the charge is a Misdemeanor Class B subject to a maximum penalty of six (6) months in jail and/or a $5,000.00 fine, as stated by the Magistrate on December 9, 2006, this complaint is a relatively minor offense. Given that the Defendant has no prior criminal record whatsoever and a most honorable history as a professional captain on the ocean for over 32 years, Defendant is cautiously optimistic that he would be an ideal candidate for probation and time served, even if found guilty. Given that a maximum fine could be $5,000.00, the Defendant could immediately post a reasonable bond.

Second, the timing of the warrant of arrest and filing of the instant Complaint on December 8, 2006, comes at the very conclusion of the deposition testimony of Mr. Lu that was provided voluntarily in the jurisdiction of Guam (after the U.S. objected that it could not timely travel to Taiwan) well after the arrest and release of the vessel Marshalls 201. See, E-Mail, Notice of Taking Deposition; Order Denying the USA's Motion to Quash Notice of Deposition, attached Exhibits "1 to 4".

The Government has little good faith argument that time is of the essence or necessity compels the immediate and early prosecution of Defendant Lu to an immediate

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

UNITED STATES OF AMERICA VS. WEN YUEH LU    CRIMINAL CASE NO. 06-00031
MOTION FOR RELEASE OR TO REDUCE BAIL CONDITIONS;    PAGE 8
MEMORANDUM IN SUPPORT OF MOTION

adjudication by this Court. If such were the true purpose of the Government, then this charge would have been promptly filed immediately after the arrest of the vessel Marshalls 201 on September 9, 2006.

    Third, certain principles of customary international law bear directly upon the captain's bond and release and this case in general. The United National Law of the Sea Treaty ("LOS Treaty") has been ratified as of October 23, 2006, by 152 nations. The flag state of the fishing vessel on which Defendant Lu served is the Republic of the Marshalls Island, which ratified the LOS Treaty on August 9, 1991. Article 73 of the LOS Treaty reads as follows:

### Article 73
### Enforcement of Laws and Regulations of the Coastal State

1. The coastal State may, in the exercise of its sovereign rights to explore, exploit, conserve and manage the living resources in the exclusive economic zone, take such measures, including boarding, inspection, arrest and judicial proceedings, as may be necessary to ensure compliance with the laws and regulations adopted by it in conformity with this Convention.

2. Arrested vessels and their crews shall be promptly released upon the posting of reasonable bond or other security.

3. Coastal State penalties for violations of fisheries laws and regulations in the exclusive economic zone may not include imprisonment, in the absence of agreements to the contrary by the States concerned, or any other form of corporal punishment.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

Although the United States has yet to ratify the LOS Treaty,[1] the rules set forth above are binding on the United States as rules of customary international law. Lauritzen v. Larsen, 354 U.S. 571, 581-82 (1953); U.S. v. Royal Caribbean Cruises, Ltd., 11 F. Supp. 2d 1358 (S.D.Fla. 1998) (the principle of customary international law in connection with the Law of Sea Convention binds the United States by virtue of Article 18 of the Vienna Convention on the Law of Treaties where a nation has expressed consent to be bound by an international treaty even though it has not been formally ratified).; U.S. v. Royal Caribbean Cruises, Ltd., 24 F. Supp. 2d (D.Puerto Rico 1997) (submission of the LOS Treaty to the Senate by the President expresses United States intention to be bound by its terms). As such, its terms restrict the United States from refusing to release Defendant Lu upon the posting of a reasonable bond based on a alleged violation of the U.S. 200-mile exclusive economic zone fishing statute, i.e. 16 U.S.C. § 1857(1)(D). Moreover, Defendant Lu cannot be punished by any form of imprisonment, because the Republic of the Marshall Islands has not consented to any such sanction.

Finally, the Court should be aware that this case involves a serious dispute over the jurisdiction of the United States in these circumstances. Enforcement officials of the United States are asserting geographic jurisdiction over the vessel and Defendant Lu on the basis that both were within the U.S. 200-mile exclusive economic zone that allegedly surrounds Baker and Howland Islands in the central Pacific. That claimed geographic area abutts the 200-mile exclusive economic zone of the Government of Kiribati to the south,

---

[1] The U.S. Senate Foreign Relations Committee favorably reported the LOS Treaty for ratification On March 11, 2004 and the Treaty is awaiting final Senate approval.
E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

from which the subject vessel had a permit to fish. However, the dividing line between the ocean area claimed by the United States and that of Kiribati has never been finally determined by treaty or other agreement and is thus uncertain as a matter of international law.

In addition, there are serious questions in this case as to (1) whether the unilateral U.S. assertion of jurisdiction by notice of chart/map coordinates published in the domestic Federal Register gave proper notice to international parties; (2) whether the unilaterally asserted coordinates comply with customary international law; (3) whether the area the vessel was fishing and then arrested is in fact part of the 200-mile exclusive economic zone of Kiribati based on the principle of equidistant maritime boundary demarcation; (4) whether the United States is estopped from arresting the vessel and Defendant Lu where the U.S. State Department published a chart of the claimed U.S. jurisdictional line and such line was north of where the vessel was fishing and then arrested; and (5) whether, because neither Baker nor Howland Islands are inhabitable, the United States is entitled, under international law, to claim a 200-mile exclusive economic zone around them.

Recently, the Federal District Court in the Eastern District of Texas in United States v. Kun Yun Jho, 2006 WL 3488952 (Dec. 4, 2006), dismissed certain criminal charges against crew member on a Marshall Islands flagged vessel brought by the United States for violations of U.S. pollution laws on the basis of conflict with customary rules of international law in the LOS Treaty. A copy of the decision is attached as Exhibit "5".

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

## CONCLUSION

Defendant Lu should be released to his third party custodian and/or upon deposit of a reasonable bond.

DATED this **12** day of December, 2006.

Respectfully submitted,

**BERMAN O'CONNOR & MANN**
Attorneys for Defendant *WEN YUEH LU*

By: *[signature]*
_____
**DANIEL J. BERMAN**

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd