BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Mark S. Smith, Esq.
THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
Telephone: (671) 477-6631

Attorneys for Defendant:
*WEN YUEH LU*

FILED
DISTRICT COURT OF GUAM
JAN 11 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>WEN YUEH LU,<br><br>    Defendant. | MAGISTRATE CASE NO. 06-00031<br><br>MOTION FOR MODIFICATION OF RELEASE BAIL CONDITIONS; MEMORANDUM IN SUPPORT OF MOTION |

## MOTION

COMES NOW Defendant WEN YUEH LU, through counsel undersigned, and brings this Motion pursuant to 18 U.S.C. §3142(b) and (c). Defendant WEN YUEH LU has been held in Guam by virtue of order confining him to Guam, surrender of Taiwanese passport and periodic reporting to the Government, per that prior Order of this Court entered on December 13, 2006.

Defendant requests that he be released and freed of any conditions to permit his travel overseas based on the Law of the Sea Treaty, Article 73. Defendant incorporates by reference as if fully set forth herein his Petition for Writ of Habeas Corpus filed

E:\Jean\Plds\DJB\Chen Hsin Yu\release 2.wpd

ORIGINAL

December 22, 2006, Exhibit "1", attached to Declaration of Counsel. This Motion is based on the Declaration of Counsel filed herewith, accompanying Memorandum of Points and Authorities and any evidence which may be presented at the hearing of this matter. Defendant Lu respectfully requests that he be released and set free without any conditions as soon as possible.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND.

Defendant WEN YUEH LU is a Taiwanese fifty-eight (58) year old man. Defendant was born in Taiwan (Republic of China). He has been married since 1968, and the couple have two children. While unemployed at present, Mr. Lu has a sterling career of 32 years on the ocean as a ship's captain or fishmaster. No criminal record of arrest or conviction exists in the world.

### II. LAW OF THE SEA TREATY.

On December 12, 2006, Defendant filed his Motion for Release or to Reduce Bail Conditions; Memorandum in Support of Motion. See, Motion for Release or to Reduce Bail Conditions, December 12, 2006  Therein, at page 8, Defendant expressly argued in writing to this Court that the United Nation's Law of the Sea Treaty ("LOS Treaty"), as adopted by the President of the United States of America, compels this Court to observe customary international law. The United States District Court decisions in Lauritzen and US v. Royal Carribean Cruises, Ltd., affirm the positive and common law effect of the Rules

E:\Jean\Plds\DJB\Chen Hsin Yu\release 2.wpd

of customary international law.

On December 12, 2006, the text from the LOS Treaty Article 73 was quoted:

> **2. Arrested vessels and their crew should be promptly released upon the posting of reasonable bond or other security.** (Emphasis added).

Id. at p. 8.

At hearing held on December 13, 2006, the Court imposed a bail release condition of a $5,000.00 cash deposit. This is the maximum fine for the offense charged. Despite the fact that Defendant paid the Clerk of Court $5,000.00 and posted the maximum possible bond, he remains confined by the Respondents on the island of Guam with the prohibition against his departure from Guam for any reason, with his passport held by the Respondents.

Previously, on December 9, 2006, the initial appearance and arraignment was held. No bond whatsoever was set, despite the request of Defendant's counsel. Defendant was sent to jail; and in fact, kept incarcerated in jail over Defendant's vigorous objections. On December 9, 2006, Defendant argued that the incarceration of Defendant was contrary to justice. Notwithstanding Defendant's arguments to be released on his personal recognizance or upon a reasonable bond, the Court ordered Defendant to prison without any bond. Defendant remained in Guam prison until bond was set and payment of $5,000.00 was deposited on December 13, 2006.

E:\Jean\Plds\DJB\Chen Hsin Yu\release 2.wpd

### III. COURT MAY CONVERT THE HABEAS PETITION INTO A REQUEST TO CHANGE RELEASE CONDITIONS.

The Court, pursuant to its inherent authority to control its own docket, may simply convert the Defendant's habeas request to be freed of all release conditions as an amendment pursuant to 18 U.S.C. § 3145(a)(2). The only issue to be decided is whether Respondents must immediately release, without any conditions, Defendant because of the mandate of customary international law. There is no dispute as to his status as a captain of a foreign-flag tuna fishing vessel charged by the United States for violation of the nation's fishery management laws, or that he has posted a reasonable bond. The legal issue is ripe for this Court's determination.

### CONCLUSION

Defendant Lu's Motion to Modify his conditions of pre-trial release should be granted.

Dated this 11th day of January, 2007.

Respectfully submitted,

Attorneys for Petitioner/Defendant:
*WEN YUEH LU*

**BERMAN O'CONNOR & MANN**

By: *[signature]*
DANIEL BERMAN

**THE LAW OFFICES OF MARK S. SMITH**

By: *[signature]*
MARK S. SMITH

E:\Jean\Plds\DJB\Chen Hsin Yu\release 2.wpd