BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Mark S. Smith, Esq.
THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
Telephone: (671) 477-6631

Attorneys for Defendant:
*WEN YUEH LU*

FILED
DISTRICT COURT OF GUAM

JAN 11 2007 *mbc*

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 06-00031 |
| Plaintiff, | |
| vs. | **DECLARATION OF DEFENDANT'S COUNSEL** |
| WEN YUEH LU, | |
| Defendant. | |

## DECLARATION OF DEFENDANT'S COUNSEL

I, DANIEL J. BERMAN, hereby declare under penalty of perjury that:

1.    I am counsel for the Defendant Wen Yueh Lu in the above-captioned action.

2.    I make this Declaration upon personal knowledge unless otherwise stated.

E:\Jean\Plds\DJB\Chen Hsin Yu\Dec 2.wpd

ORIGINAL

===========================================================

3.      A true and accurate copy of the Defendant Lu Petition for Writ of Habeas Corpus filed December 22, 2006, filed as Civil Case No. CV06-00039 is attached hereto as Exhibit "1".

Further Declarant Sayeth Naught.

Dated this _11_ day of January, 2007.

BY:     _____
         DANIEL J. BERMAN

E:\Jean\Plds\DJB\Chen Hsin Yu\Dec 2.wpd

US Attorney's Office
Districts of Guam & NMI

DEC 22 2006
Time _____
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

1    Daniel J. Berman, Esq.
2    BERMAN O'CONNOR & MANN
    Suite 503 Bank of Guam Bldg.
3    111 Chalan Santo Papa
    Hagatna, Guam 96932
4    Telephone: (671) 477-2778

5

6    Mark S. Smith, Esq.
    LAW OFFICES OF MARK S. SMITH
7    456 West O'Brien Drive, Suite 102-D
    Hagåtña, Guam 96910
8    Telephone: (671) 477-6631

9

    Attorneys for Petitioner:
10   *WEN YUEH LU*

**FILED**
DISTRICT COURT OF GUAM

DEC 22 2006

MARY L.M. MORAN
CLERK OF COURT

11         **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE DISTRICT OF GUAM**

13   WEN YUEH LU,             )   Civil Case

14                        )   ~~Special Proceedings No.~~ **06 - 00039**

15                        )

16         Petitioner,        )

17       vs.                   )   **PETITION FOR WRIT OF HABEAS**
                           )   **CORPUS**

18   LEONARDO M. RAPADAS, United States   )
19   Attorney for the Territory of Guam and the )
    Northern Mariana Islands, JOAQUIN L.G.   )
20   SALAS, in his official capacity as the Chief )
    Marshal; Territory of Guam; and FRANK    )
21   MICHAEL CRUZ, in his official capacity as )
    Chief Probation Officer, U.S. Probation Office )
22   for the Territory of Guam,          )
23                        )
            Respondents.       )
24   _____ )

25

26                  **I. INTRODUCTION**

27      1.     Petitioner Wen Yueh Lu seeks a Writ of Habeas Corpus. Petitioner is

28   E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

currently subject to an Order Setting Conditions of Release forced upon him by the United

States Attorney for the Territory of Guam, and such Order is also subject to enforcement

by the U.S. Marshal's Office Pretrial Services and supervision by the U.S. Probation Office

with respect to the imposed conditions of release.  Prior to his release, Petitioner had been

arrested and incarcerated by federal authorities.  Under the terms of the Order of Release,

Petitioner has had his passport taken away, was required to post a cash bond of $5,000,

must reside at a local hotel, must stay away from all ports of entry and exit, and may not

leave the Island of Guam without approval of the Court.  The purpose of this enforced

detention and loss of liberty is to require that Petitioner attend legal proceedings in the

misdemeanor criminal case of *United States v. Wen Yueh Lu*, Case No. MJ-06-00031, pending

in this Court.  Thus, Petitioner has been detained, without a right to return to his residence

in Taiwan and pursue his occupation as a fishing captain and is, in effect, incarcerated on

the Island of Guam.  Petitioner seeks a Writ of Habeas Corpus and an order requiring

Respondents to allow the unconditional release of Petitioner as is required by customary

rules of international law binding upon the United States.  Petitioner is being detained in

violation of the laws of the United States.

## II. JURISDICTION

2.          Petitioner brings this action under 28 U.S.C. § 2241 and 2242.  Petitioner

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

3  ================================================================

further invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1651, 2201, and 2202.

Insofar as he seeks declaratory relief, Petitioner also relies on Federal Rule of Civil

Procedure 57.

       3.      This Court has authority under 28 U.S.C. § 2241 to grant the Writ of Habeas

Corpus and, under 28 U.S.C. § 2242, to entertain this Petition.

       4.      The Court is further empowered (a) to declare the rights and other legal

remedies of the parties herein by 28 U.S.C. § 2201; (b) to effectuate and enforce declaratory

relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual

controversy within the Court's jurisdiction; and (c) to issue all writs necessary or

appropriate in aid of its jurisdiction by 28 U.S.C. § 1651.

       5.      Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C.

§1343 in that Petitioner seeks to redress deprivation of rights guaranteed by the

Constitution, laws and treaties of the United States.

       6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  Petitioner is

currently being detained on the Island of Guam.

### III. PARTIES

       7.      Petitioner is an individual who a citizen of the Republic of China (Taiwan)

and is now prevented from freely leaving the Island of Guam by the Order Setting

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

======================================================================

Conditions of Release entered in Case No MJ-06-00031, entered December 13, 2006.  Exhibit

"1", attached.  Petitioner is a fishing vessel captain who, while serving as the captain of the

MARSHALLS 201, a tuna purse seine vessel flying the flag of the Republic of the Marshall

Islands, has been charged with refusal to allow boarding under the Magnuson-Stevens

Fishery Conservation and Management Act, 16 U.S.C. § 1857(1)(D).  Petitioner is currently

confined to the Island of Guam and is not free to leave, pending the outcome of the legal

proceedings against him.

        8.      Respondent Leonardo M. Rapadas is the U.S. Attorney for the Territory of

Guam and the Northern Mariana Islands.  Mr. Rapadas is sued in his official capacity.

        9.      Respondent Joaquin L.G. Salas is the Director of the U.S. Marshal's Office for

the Territory of Guam.  Mr. Salas is sued in his official capacity.

        10.      Respondent Frank Michael Cruz is the Director of the U.S. Probation Office

for the Territory of Guam.  Mr. Cruz is sued in his official capacity.

### IV.  STATEMENT OF FACTS

        11.      On September 9, 2006, Petitioner was operating a tuna purse seine vessel in

what he believed were waters of the Exclusive Economic Zone of the Republic of Kiribati.

His vessel, documented under the flag of the Republic of the Marshall Islands is owned by

the Marshall Island Fishing Company, an entity organized under the laws of the Republic

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

of the Marshall Islands.  The vessel is the MARSHALLS 201.

      12.    It is alleged that enforcement officials of the U.S. Coast Guard sited the fishing vessel by aircraft and then sought to arrest the MARSHALLS 201 using the buoy tender WALNUT.  The WALNUT is not a traditional U.S. Coast Guard "cutter", but an industrial vessel built primarily to service navigational buoys at sea.  The vessel is 225 feet long and is configured with an aft superstructure and a large crane fixed on the main deck. A copy of a recent press release describing the WALNUT and photograph of the WALNUT are attached as Exhibit "2".  The appearance of the WALNUT at sea resembles that of a commercial vessel, not a U.S. government military vessel.

      13.    Government authorities allege that, on September 9, 2006, the MARSHALLS 201 was in waters claimed by the United States to be part of the Exclusive Economic Zone of Howland and Baker Islands, located to the north of the Republic of Kiribati.   The basis of the assertion of jurisdiction was enactment in 1976 of the Magnuson-Stevens Fishery Conservation and Management Act, which asserted exclusive fishery management jurisdiction by the United States out to 200 nautical miles.  16 U.S.C. § 1811(a).

      14.    On March 7, 1977, the U.S. Department of State published a notice in the Federal Register (42 Fed. Reg. 12,937) claiming jurisdiction over waters around Howland and Baker Islands in accordance with certain longitude and latitude coordinates selected

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

unilaterally by the United States. Exhibit "3". Another unilateral assertion of jurisdiction

over waters around Howland and Baker Islands was declared in a Federal Register notice

dated August 23, 1995 (60 Fed. Reg. 43,825). Exhibit "4". That notice stated that the

Exclusive Economic Zone around Howland and Baker Islands is "a line 200 nautical miles

from the baseline from which the territorial sea is measured, except to the southeast and

south of Howland Baker Islands the limit of the exclusive economic zone" is determined

by straight lines connecting a set of latitude and longitude coordinates. Exhibit "4", at p.

43829.

15.      The asserted fishery management jurisdiction of the United States over water

around the uninhabited islands of Howland and Baker Islands abut against and, on

information and belief, overlap the area claimed by the Republic of Kiribati as that

country's exclusive economic zone. The maritime boundary between the claimed exclusive

economic zones around Howland and Baker Islands and the claimed exclusive economic

zone of the Republic of Kiribati has never been resolved by mutual agreement or

international adjudication. In 1977, the United States stated, at 42 Fed. Reg. 24,134 (May

12, 1977), that the claimed limits of the U.S. fishery management zones were without

prejudice to any negotiations with neighboring countries or any positions that have been

or may be adopted respecting the limits of maritime jurisdiction.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

16.      At the time of the incident, the MARSHALLS 201 was in possession of a license authorizing fishing activities by the vessel in waters subject to the jurisdiction of the Republic of Kiribati.  The Republic of Kiribati asserted its jurisdiction in May 1983 by enactment of the Maritime Zones (Declaration) Act No. 7.  The Republic of Kiribati also acceded to the United National Convention on Law of the Sea in February 2003.

17.      The act of conducting a purse seine fishing operation on the high seas to capture and recover highly migratory tuna is complex.  Such a vessel uses a large net, approximately 3,000 meters long and 300 feet deep, weighing about 30 tons.  Large skiffs must be used to encircle a school of fish for recovery.  These skiffs then assist as the tuna are "brailed" from the net and loaded below deck in chilled compartments.  The net and the skiffs must then be brought on board the vessel to complete the "set."   A typical "set" to recover a load of tuna and can take about 3 hours and requires the strict attention of all crew, in particular the captain.

18.      It is claimed by U.S. government enforcement officials that the WALNUT "pulled along side" the MARSHALLS 201 while it was bringing in its fishing gear, at approximately 1027 hours. It is alleged that, at that time on September 9, the fishing vessel was 1.9 nautical miles within the U.S. exclusive economic zone around Howland and Baker Islands.  It is then alleged that, despite attempting to contact the captain by radio, the

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

WALNUT was unable to contact the captain and the vessel began to "flee south."

19.     It is alleged by U.S. government enforcement officials that, at 1040 hours, the WALNUT hauled up a flag hoist signal "LIMA" and sounded the signal "LIMA" with the WALNUT's whistle.  It is then alleged that the MARSHALLS 201 come to a complete stop at 1100 hours, exactly 33 minutes after it was alleged that the WALNUT "pulled along side" the MARSHALLS 201.

20.     Following boarding, the MARSHALLS 201 was seized and escorted to Guam where it was arrested by the U.S. Marshal's Office pursuant to a warrant of arrest dated October 4, 2006.  The United States Attorney's Office also filed a complaint for the forfeiture of the MARSHALLS 201 for violations of the Magnuson-Stevens Fishery Conservation and Management Act.  *U.S. v. MARSHALLS 201*, Civil Case No. 06-00030 (D.Guam).

21.     The arrest of the MARSHALLS 201 resulted in the issuance of a formal protest by the Republic of the Marshall Islands, dated December 13, 2006, attached as Exhibit "5".

22.     On October 13, 2006, the MARSHALLS 201 was released upon the filing of a bond in the amount of $2,950,000.00.

23.     Immediately following the filing of the bond, the MARSHALLS 201 and all

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

of its crew, including Petitioner, were granted the right of free departure from the Island of Guam and the United States.

24.     On December 6, 2006, following issuance of an Order denying Plaintiff's Motion to Quash Discovery (entered November 30, 2006), Petitioners arrived on Guam to provide a testimony preservation deposition.  A representative of the U.S. Attorney's Office participated in the deposition in the civil forfeiture case and fully cross examined Petitioner with respect to the incident.  The deposition concluded in the afternoon on December 8, 2006.

25.     On December 9, 2006, when Petitioner was in the departure area of the Guam International Airport, he was arrested by federal government authorities and incarcerated in Hagatna, Guam prison. The United States Attorney's Office filed a criminal complaint against Petitioner for refusal to allow boarding under the Magnuson-Stevens Fishery Conservation and Management Act, specifically 16 U.S.C. § 1857(1)(D).  It is charged that Petitioner "did knowingly and willfully refuse to permit United States Coast Guard officers of the USCG Cutter Walnut to board the Marshalls 201 for purposes of conducting a search and investigation" of alleged fishing violations in the U.S. exclusive economic zone.  It is also alleged in the complaint that Petitioner is subject to the special maritime and territorial jurisdiction of the United States, as defined in 18 U.S.C. § 7(1).

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

26.     On December 9, 2006, Petitioner was arraigned and pleaded not guilty to the

criminal charge, which is a Class B misdemeanor.   Government authorities have filed

statements in both this criminal case and in the civil forfeiture case confirming that

Petitioner did in fact stop the MARSHALLS 201 and allow enforcement officials to conduct

an inspection, which then led to its arrest.   Prior to December 8, 2006, U.S. government

enforcement officials had filed no civil or other charges against Petitioner for the incident

on September 9, 2006.

27.     On December 13, 2006, the Order Setting Conditions of Release was entered,

preventing Petitioner from being released unconditionally, ordered the payment of a

$5,000.00 bond and prohibited from leaving the Island of Guam.  Exhibit "1".

## V.  APPLICABLE LAW

28.     The applicable statutory provision, part of the fishery management laws of

the United States, reads, in relevant part, as follows:

> It is unlawful—
>
> (1) for any person—
>
> (D) to refuse to permit any officer authorized to enforce the
> provisions of this Act ...to board a fishing vessel subject to
> such person's control for the purposes of conducting any
> search or inspection in connection with the enforcement of this
> Act or any regulation, permit...

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

16 U.S.C. § 1857(1)(D).

29.     Commission of an act prohibited by 16 U.S.C. § 1857(1)(D) is a criminal offense.  16 U.S.C. § 1859(a).

30.     Conviction of the prohibited act of failure to allow boarding is punishable by a fine, or imprisonment of not more than 6 months, unless the conduct involves use of a dangerous weapon, caused bodily injury or places an observer or officer in fear of imminent bodily harm.

31.     The United Nations Law of the Sea Treaty ("LOS Treaty") has been ratified by 152 nations as of October 23, 2006.  The Republic of the Marshall Islands and the Republic of Kiribati have acceded to the LOS Treaty and are bound by its terms.

32.     Article 73.2 of the LOS Treaty states that "[a]rrested vessels and their crews shall be promptly released upon the posting of reasonable bond or other security."  The plain text of this Article mandates a prompt unconditional release, not a release with conditions.

33.     Article 73.3 of the LOS Treaty states that "Coastal State [i.e. in this case the United States] penalties for violations of fisheries laws and regulations in the exclusive economic zone may not include imprisonment, in the absence of agreements to the contrary by the States concerned, or any other form of corporal punishment."

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

34.     Article 73 of the LOS Treaty is binding on the United States as a matter of customary international law and Article 18 of the Vienna Convention on the Law of Treaties.  The President of the United States has submitted the LOS Treaty to the United States Senate for ratification, indicating the intention of the United States to be bound by its terms. *Lauritzen v. Larsen,* 354 U.S. 571, 581-82 (1953); *U.S. v. Royal Caribbean Cruises, Ltd.,* 11 F.Supp.2d 1358, 1369-1374 (S.D.Fla. 1998); *U.S. v. Royal Caribbean Cruises, Ltd.,* 24 F.Supp.2d 155, 159-160 (D.Puerto Rico 1997); *United States v. Kun Yun Jho,* 2006 WL 3488952 (E.D.Texas; Dec. 4, 2006).

### FIRST CAUSE OF ACTION

**Failure to Release Petitioner Unconditionally;
Violation of Customary International Law**

35.     Petitioner incorporates by reference Paragraphs 1-34.

36.     Petitioner has been arrested and charged with a violation of the fisheries laws of the United States applicable to a maritime area alleged to be the exclusive economic zone of the United States.

37.     Petitioner has posted the bond, $5,000, for his release.

38.     Respondents have imposed conditions on Petitioner's release that prevent him from leaving the Island of Guam and returning to his residence in the Republic of Taiwan and from pursuing his livelihood.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

39.　　Article 73.2 of the LOS Treaty, binding on the United States as a rule of customary international law, requires that Petitioner be released unconditionally after posting a reasonable bond in cases involving violations of the fisheries laws of the United States in the exclusive economic zone.

40.　　Therefore, the conditions for release set forth in the Order Setting Conditions of Release are unlawful and cannot be imposed on Petitioner.

## SECOND CLAIM FOR RELIEF

### Threat of Imprisonment; Violation of Customary International Law

41.　　Petitioner incorporates by reference Paragraphs 1-40.

42.　　Petitioner has been charged with a violation of U.S. law, 16 U.S.C. § 1857(1)(D) that could be punished by a term of imprisonment of not more than six months. This statutory provision is part of the fisheries laws of the United States applicable in the exclusive economic zone.

43.　　Article 73.3 of the LOS Treaty, binding on the United States as a rule of customary international law, prohibits imprisonment of any individual for violations of fisheries laws or other form of corporal punishment, except pursuant to agreements with the relevant country, in this case the Republic of the Marshall Islands, the flag nation for the MARSHALLS 201. The Republic of the Marshall Islands has not agreed to allow the

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

United States to imprison any of the crew serving on fishing vessels that are registered in the Republic of the Marshall Islands.

44.     The United States may not impose any sanction on Petitioner that includes imprisonment.

45.     Petitioner seeks a declaration from this Court that, even if the United States could establish that it has jurisdiction and that Petitioner failed to stop (which is denied), no penalty of imprisonment can be imposed.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner requests for relief as follows:

46.     Grant the Writ of Habeas Corpus.

47.     Enter an order enjoining Respondents from enforcing the terms of the Order Setting Conditions of Release with respect to Petitioner.

48.     Enter an order requiring that Respondents release Petitioner unconditionally now that he has posted a reasonable bond.

49.     Enter an order finding that, in any event, Petitioner can never be imprisoned on the basis of the charges made against him by the United States.

50.     Grant such other and further relief as the Court may deem necessary and appropriate to protect Petitioner's rights, including an award of attorney's fees and costs.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd

Dated this 22 day of December, 2006.

Respectfully submitted,

Attorneys for Petitioner:
*WEN YUEH LU*

By: _____

**DANIEL J. BERMAN**
**MARK S. SMITH**

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\petition.wpd



DISTRICT COURT OF GUAM

DEC 13 2006

MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

### District of _____ GUAM _____

| United States of America | ORDER SETTING CONDITIONS |
|---|---|
| V. | OF RELEASE |
| **WEN YUEH LU** | Case Number:  **MJ-06-00031** |
| _____ | |
| Defendant | |

IT IS ORDERED that the release of the defendant is subject to the following conditions:

    (1)  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (2)  The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

    (3)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.  The defendant shall appear at (if blank, to be notified) _____ **DISTRICT COURT OF GUAM**
                                                                         Place

        **U.S. COURTHOUSE** _____ on _____ **FEBRUARY 2, 2007 AT 9:30 A.M.** _____
                                                                                Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(    ) (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($ _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:  COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

EXHIBIT "1"



## ...ditional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

S FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )  (6)   The defendant is placed in the custody of:

(Name of person or organization)  **TAI LI HU**

(Address)  **1448 PALE SAN VITORES ROAD, ROOM 203, TUMON BAY CAPITOL HOTEL**

(City and state)  **TUMON, GUAM**                    (Tel. No.)  **(671) 646-3903**

) agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court ceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____        12/13/2006

Custodian or Proxy            Date

( )  (7)   The defendant shall:

( X ) (a)   report to the  **U.S. PROBATION OFFICE**_____ ,

telephone number  **473-9201**_____ , not later than  **AS DIRECTED**_____ .

( X ) (b)   execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
**$5,000.00 CASH**

( ) (c)   post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

( ) (d)   execute a bail bond with solvent sureties in the amount of $ _____ .

( ) (e)   maintain or actively seek employment.

( ) (f)   maintain or commence an education program.

( X ) (g)   surrender any passport to:  **U.S. DISTRICT COURT OF GUAM**_____

( X ) (h)   obtain no passport.

( X ) (i)   abide by the following restrictions on personal association, place of abode, or travel:
**MAINTAIN A FIXED RESIDENCE**

( ) (j)   avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

( ) (k)   undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

( ) (l)   return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

( ) (m)   maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( X ) (n)   refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o)   refrain from  ( ) any  ( ) excessive use of alcohol.

( X ) (p)   refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ) (q)   submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (r)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ) (s)   refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t)   participate in one of the following home confinement program components and abide by all the requirements of the program which  ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( ) (i) **Curfew.** You are restricted to your residence every day  ( ) from _____ to _____ , or  ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( ) (u)   report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( X ) (v)   **DO NOT LEAVE GUAM WITHOUT PERMISSION OF THE COURT AND THE U.S. PROBATION OFFICE.**

( X ) (w)   **STAY AWAY FROM ALL PORTS OF ENTRY AND EXIT.**

( ) (x)   _____

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

O THE DEFENDANT:

'OU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a evocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, r both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of f not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. 'his sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal nvestigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim r informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, ictim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if ley involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, ou may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In ddition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions f release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth bove.

_CW. WEN – YUEH_
Signature of Defendant

_ROOM 203_
Address

_CAPITAL HOTEL TUMON_
City and State                          Telephone
_646-3903_

## Directions to United States Marshal

( ) The defendant is ORDERED released after processing.
( X ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

)ate: ___12/13/2006___                          _[signature]_
                                               Signature of Judicial Officer

**JOAQUIN V.E. MANIBUSAN, JR., MAGISTRATE JUDGE**
Name and Title of Judicial Officer

DISTRIBUTION:    COURT      DEFENDANT      PRETRIAL SERVICE      U.S. ATTORNEY      U.S. MARSHAL