LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WEN YUEH LU,<br><br>    Defendant. | MAGISTRATE CASE NO. 06-00031<br><br>**UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS** |

    Defendant has filed a "motion for modification of release bail conditions." Defendant appeared before the Honorable Joaquin V.E. Manibusan on December 13, 2006, whereupon the court allowed his release from custody upon condition that he post $5,.000, surrender his passport to the clerk of the court, and remain on Guam. Title 18, U.S.C. § 3145(a)(2) provides that a person who has been released by a magistrate "may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." Title 18, U.S.C. § 3231 provides that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Accordingly, the government will treat this motion as a motion for amendment of conditions, to be heard before the district court.

    Defendant is charged with a violation of the Magnuson Act, specifically 16 U.S.C. § 1857(1)(D), for refusal to allow officials of the United States Coast Guard to board his vessel for

purposes of enforcing this Act. Trial is set for February 2, 2007. Title 18, United States Code, § 3142(b) requires the court to release a person on his personal recognizance or upon execution of an unsecured bond, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Title 18, U.S.C. § 3142(c)(B) provides that if these conditions "will not reasonably assure the appearance of the person as required" the court shall order his pretrial release "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required ... ."

It is undisputed that defendant is a citizen of Taiwan, and that he has no ties of any kind to the United States. It is also undisputed that he is charged with a misdemeanor, for which extradition is not available should he leave Guam and fail to appear for trial.

Defendant appears to argue (as set forth in his Petition for Writ of Habeas Corpus, Civil Case No. 06-00039) that he should be allowed to leave Guam because he is innocent. Obviously, that is what a trial is for; § 3142 does not permit a mini-trial on the merits of the case.

Next, defendant asserts that the Law of the Sea Treaty (LOS), Article 73.3 requires that he be released unconditionally after posting a reasonable bond. Article 73 provides in pertinent part as follows:

> ENFORCEMENT OF LAWS AND REGULATIONS
> OF THE COASTAL STATE
>
> 1. The coastal State may, in the exercise of its sovereign rights to explore, exploit, conserve and manage the living resources in the exclusive economic zone, take such measures, including boarding, inspection, arrest and judicial proceedings as may be necessary to ensure compliance with the laws and regulations adopted by it in conformity with this Convention.
>
> 2. Arrested vessels and their crews shall be promptly released upon the posting of reasonable bond or other security.
>
> 3. Coastal State penalties for <u>violations of fisheries laws and regulations</u> in the exclusive economic zone may not include imprisonment, in the absence of agreements to the contrary by the States concerned, or any other form of corporal punishment. (Emphasis added.)

Although LOS was signed by the president and sent to the Senate in 1994, the Senate has not ratified it. Accordingly, it does not have the force of law. <u>United States v. Best</u>, 304 F.3d

308, 315 (3rd Cir. 2002). Even if it did, the treaty would not give defendant any standing to assert rights under it. Treaties are contracts between nations. Nothing in LOS indicates that it creates rights that are privately enforceable by individuals, nor has the defendant cited any such authority in his support.

Furthermore, even if LOS did apply to the United States, and even if it did give a remedy for private parties, it would not advance defendant's position. LOS specifically provides that the crew "post reasonable bond." Reasonable bond for what? The appearance in a civil matter? LOS concerns violations of fisheries laws and regulations, and the posting of bonds when a vessel (and necessarily its crew) has been seized. Defendant is not being charged with violating any fisheries regulation, but rather with failing to obey a lawful order from the U.S. Coast Guard. He has cited no authority for his position that this section of the treaty applies to individuals charged with criminal matters unrelated to illegal fishing.

Furthermore, the only bond posted in the civil forfeiture case concerns the vessel itself. The Marshals 201 has been released on bond, as reflected by Exhibits 1, 2, and 3, but the $2.95 million does not cover the crew. The only bond to ensure the defendant's appearance is the $5,000 posted in this case.

Thus, the issue boils down to the question, whether a $5,000 bond, standing alone, is sufficient to ensure defendant's appearance for trial. The court may find it useful to inquire of the defendant, whose $5,000 cash was paid into court? The point of a bond is to create a financial incentive for the defendant to appear for trial. The amount is set so as to make its forfeiture economically painful to the defendant. If this $5,000 was posted by the vessel's owner, the Marshall Islands Fishing Company, then it provides no personal incentive to secure the defendant's appearance. Should he refuse to return for trial and the court forfeit the bond, the company could not even take it out of his paycheck, because defendant is no longer an employee.

It is in the company's interest that defendant not appear for trial. Should he be convicted, the jury would have had to find that the Marshals 201 was within the U.S. EEZ, a finding which would collaterally estop the company from contesting this element in the forfeiture case. Five thousand dollars would be a small price to pay, to avoid such a disaster in the civil suit

Thus, the government believes the initial inquiry in this matter should be, whose money has been posted for defendant's bail. If it is that of the Marshall Islands Fishing Company, it is obviously insufficient to secure his appearance. If it his own, then the question is whether is it sufficient, without any other restrictions, to secure his appearance. The government's position is that, given the enormous financial stakes of the civil case, defendant's present release conditions should remain unchanged.

Respectfully submitted this __16th__ day of January, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: KARON V. JOHNSON
Assistant U.S. Attorney

BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

Attorneys for Defendant:
*MARSHALLS 201*

# UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS 201,<br><br>Defendant. | CIVIL CASE NO. 06-00030<br><br>STIPULATED MOTION FOR RELEASE OF VESSEL AND APPROVAL OF BOND IN LIEU OF ARREST |

### STIPULATED MOTION FOR RELEASE OF VESSEL AND APPROVAL OF BOND IN LIEU OF ARREST

Comes Now Defendant MARSHALLS 201 and Plaintiff UNITED STATES OF AMERICA, by and through counsel undersigned, respectively and move this Court by Stipulation for approval of bond in lieu of arrest of the Vessel Defendant Marshalls 201. The Stipulated Motion is based upon the agreement of counsel for Plaintiff and Defendant, and stipulated proposed Orders and prior orders, pleadings and record herein.

This Stipulated Motion is based upon Local Rule 65.1.1(f) and Rule E(5)(c) of the Supplemental Rules for Certain Admiralty and Maritime claims. Defendant submits a $2,950,000.00 bond in support of the Order approving release of the vessel. The value of the bond was stipulated and agreed to by discussion and exchange of the fair market value character of the vessel, its catch and equipment. The parties submit that the $2,950,000.00 bond is the

E:\Jean\Plds\DJB\Marshalls\Ex Parte Mtn.wpd

equivalent of fair value for the vessel and that the vessel should be released from arrest and the tendered bond accepted in lieu thereof.

WHEREFORE, the parties stipulate to the instant motion for the court to approve the release of the vessel and accept the $2,950,000.00 bond in lieu of arrest.

## CONCLUSION

Plaintiff and Defendant Marshalls 201 request that the Defendant Vessel Marshalls 201 be released and the bond approved in lieu of arrest.

Dated this 12 day of October, 2006.

**BERMAN O'CONNOR & MANN**

Attorneys for Defendant *MARSHALLS 201*

BY: *[signature]*
DANIEL J. BERMAN

SO STIPULATED:

OFFICE OF THE UNITED STATES ATTORNEY

Attorneys for Plaintiff *UNITED STATES OF AMERICA*

BY: *[signature]*
MIKEL W. SCHWAB, ESQ.
Assistant U.S. Attorney

E:\Jean\Plds\DJB\Marshalls\Ex Parte Mtn.wpd

```
 1  BERMAN O'CONNOR & MANN
    Suite 503, Bank of Guam Building
 2  111 Chalan Santo Papa
    Hagåtña, Guam 96910
 3  Telephone: (671) 477-2778
    Facsimile: (671) 477-4366
 4
    Attorneys for Defendant:
 5  MARSHALLS 201
```

## UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 06-00030 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| MARSHALLS 201, | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2006, I caused to be served a copy of the Stipulated Motion For Release of Vessel and Approval of Bond in Lieu of Arrest, on the following:

### VIA HAND DELIVERY

Mikel W. Schwab, Esq.
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

Dated this 12th of October, 2006.

BY: _____
DANIEL J. BERMAN

E:\Jean\Plds\DJB\Marshalls\Ex Parte Mtn.wpd

BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

Attorneys for Defendant:
*MARSHALLS 201*

# UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00030 |
| Plaintiff, | |
| v. | [Proposed] ORDER GRANTING APPROVAL OF RELEASE OF VESSEL AND FILING OF RELEASE BOND |
| MARSHALLS 201, | |
| Defendant. | |

Pursuant to Local Rule 65.1.1(f) and Rule E(5)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims, upon application by the Claimant, the Marshall Islands Fishing Company and consent by Plaintiff, the United States of America, for release of the vessel and substitution in rem of a release bond in the amount of U.S. TWO MILLION NINE HUNDRED FIFTY THOUSAND DOLLARS ($2,950,000.00),

IT IS HEREBY ORDERED THAT the application is granted, and that the claimant shall fulfill the obligations set forth in the Release Bond and pay the amount, if any, awarded against the fishing vessel MARSHALLS 201.

*Pursuant to GR 8.1, parties are to submit a subsequent proposed Order regarding deposit and interest bearing directions.*

E:\Dan\Koos Fishing Company\Order.Release 3.wpd

ORIGINAL

IT IS SO ORDERED.

DATED: 10-13-2006

~~HONORABLE JOAQUIN V.E. MANIBUSAN~~
~~U.S. Magistrate Judge~~
FRANCES TYDINGCO-GATEWOOD
Designated Judge

SO APPROVED:

BERMAN O'CONNOR & MANN

Attorneys for Defendant *MARSHALLS 201*

BY: _____
DANIEL J. BERMAN, ESQ.

OFFICE OF THE UNITED STATES ATTORNEY

Attorneys for Plaintiff *UNITED STATES OF AMERICA*

BY: _____
MIKEL W. SCHWAB, ESQ.

RECEIVED
OCT 13 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

E:\Dan\Koos Fishing Company\Order.Release 3.wpd

BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 477-4366

Attorneys for Defendant:
*MARSHALLS 201*

FILED
DISTRICT COURT OF GUAM
OCT 17 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00030 |
| Plaintiff, | |
| v. | **STIPULATION TO ORDER RE: G.R. 8.1** |
| MARSHALLS 201, | |
| Defendant. | |

## STIPULATION TO ORDER RE: G.R. 8.1

Comes Now Defendant MARSHALLS 201 and Plaintiff UNITED STATES OF AMERICA, by and through counsel undersigned, respectively, and stipulate to an Order regarding the deposit in Court of the Bond for the Release of the Vessel. This Stipulation is based upon General Rule 8.1 Deposits in Court - Responsibility of the Clerk. The parties stipulate as follows:

1. The Clerk shall deposit the money in a financial institution insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation. The Clerk may also invest such money in the United States treasury bills. G.R. 8.1(c).

2. The Clerk shall deposit the money as soon as practicable following service of a copy of this Order. G.R. 8.1(d).

3. The Clerk shall deposit the amount of TWO MILLION NINE HUNDRED FIFTY THOUSAND DOLLARS ($2,950,000.00) into an interest bearing account, said funds to

remain on deposit pending further order of the Court. G.R. 8.1(e)(1).

    4.    Defendant's counsel presenting this Order shall personally serve a copy hereof on the Clerk of Court or the Chief Deputy Clerk. G.R. 8.1(e)(a) and (1).

IT IS SO STIPULATED:

BERMAN O'CONNOR & MANN

Attorneys for Defendant *MARSHALLS 201*

BY: _____ 10/13/06
    **DANIEL J. BERMAN, ESQ.**

OFFICE OF THE UNITED STATES ATTORNEY

Attorneys for Plaintiff *UNITED STATES OF AMERICA*

BY: _____
    **MIKEL W. SCHWAB, ESQ.**

/ / /

/ / /

/ / /

E:\Jean\Plds\DJB\Marshalls\stip.ord.wpd