1  BERMAN O'CONNOR & MANN
   Suite 503 Bank of Guam Bldg.
2  111 Chalan Santo Papa
   Hagatna, Guam 96932
3  Telephone: (671) 477-2778

4  Mark S. Smith, Esq.
   THE LAW OFFICES OF MARK S. SMITH
5  456 West O'Brien Drive, Suite 102-D
   Hagåtña, Guam 96910
6  Telephone: (671) 477-6631

7

   Attorneys for Defendant:
8  WEN YUEH LU

**FILED**

DISTRICT COURT OF GUAM

IJAN 19 2007

MARY L.M. MORAN
CLERK OF COURT

9         IN THE UNITED STATES DISTRICT COURT

10            FOR THE DISTRICT OF GUAM

11

12  UNITED STATES OF AMERICA,          )      MAGISTRATE CASE NO. 06-00031
                                       )
13              Plaintiff,             )
                                       )
14         vs.                         )
                                       )      **MOTION TO COMPEL DISCOVERY**
15  WEN YUEH LU,                       )      **F.R.CRIM.PRO. 16**
                                       )
16              Defendant.             )
                                       )
17  _____)

18       **MOTION TO COMPEL DISCOVERY F.R.CRIM.PRO. 16**

19         Comes Now Defendant Wen Yueh Lu, through counsel undersigned, respectfully

20  moves this Court pursuant to Fed.R.Crim. 16, the Standing Discovery Order entered

21  December 9, 2006 and the Due Process Clause of the V Amendment of the U.S.

22  Constitution, for an order compelling the Government, including all present and past

23  members of the "Prosecution Team", to produce in discovery the documents, materials

24  and/or information itemized below. For purpose of this motion, the term "Prosecution

25  Team" includes the following agencies, and individuals within the agencies, both known

26  (and listed below) and unknown, will participate in the joint investigation and

27  prosecution of Defendant Wen Yueh Lu.

28  E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

                    ORIGINAL

==========================================================

### A.    PROSECUTION TEAM

1.    Department of National Oceanic Atmospheric Administration.

2.    United States Coast Guard.

3.    Special Agent Barlysky.

4.    Captain Unterburg.

5.    Assistant U.S. Attorney Mikel Schwab.

Specific documents, materials and/or information that the Defendant requests are as follows:

### B.    FAILURE TO PRODUCE

1.    On January 9, 2007, a letter was sent by Defendant Lu's counsel to the Government, in accordance with the Standing Discovery Order and Fed.R.Crim.Pro. 16 requesting the production of certain materials, documents and information.  A copy of said letter is hereby attached as Exhibit "A", and incorporated herein.  The Defendant's demand for exculpatory evidence and discovery particularly requested the following:

### A.    Original Navigation Equipment

1.    Furuno GPS Navigator, GP-90, Serial No. 4400-7672, dated September 14, 2006, Tag No. 009.

2.    Furuno GPS Navigator, Serial No. 4400-0450, dated September 20, 2006, Seized Property Receipt No. 30549.

3.    Two color plotter memory cards, No. B5XX.0081 Class S*, No. B5XX.0081 Class G, dated September 20, 2006, Seized Property

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

===================================================================

Receipt No. 30540.

4.      Two color plotter memory cards, No. B7B5.0110, No. B5XX.0081, dated September 20, 2006, Seized Property Receipt No. 30541.

5.      South Pacific Regional Purse Seine Log Sheet, dated September 13, 2006, Tag No. 06-028-001.

6.      Claim to Potential Maritime Zones chart, Second Revision, March 1995, dated September 13, 2006, Tag No. 06-028-005.

7.      Marshalls No. 201 Ship's Log Book, estimated value $35.00. September 13, 2006. Tag No. 06-028-004.

B.      **Original Ship's Logs and Documents.**

8.      Marshalls No. 201 fish hold layout / log. Dated September 13, 2006. Tag No. 06-028-002.

9.      Brown Engineering Log Book "NiuGini_.___" on the cover. Dated September 13, 2006. Tag No. 06-028-008.

10.     Koo's Fishing Company Ltd. Engineering log book. Blue in color. Dated September 13, 2006. Tag No. 06-028-007.

11.     Tuvalu to Palmyra Atoll. No. 2031 o.r., Nautical Chart, dated September 13, 2006. Tag No. 06-028-006.

12.     Two (2) FAD, Green Notebook. Dated September 20, 2006. Tag No. 30538.

13.     Koo's 106, Blue Log Book. Dated September 20, 2006. Seized Property Receipt No. 30539.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

=================================================================

14.    Green Notebook.  Dated September 20, 2006.  Seized Property Receipt No. 27069.

15.    Fishing Log Sheets.  Dated September 20, 2006.  Seized Property Receipt No. 30542.

2.    All data and documents pertaining to the contents of the laptop computer INMARSAT C that was removed from the vessel Marshalls 201 and destroyed and returned to counsel for Defendant Lu, including but not limited to the names of any government witnesses (or their relatives, attorneys, agents or representatives) who, directly or indirectly, either participated in or benefitted from the investigation and destruction of the laptop computer INMARSAT C.  See, attached Exhibit "B", photographs destroyed computer.

3.    All post-arrest statements of any government witness, agency and/or individuals listed in paragraph A., Nos. 1 to 5 inclusive.  Prosecution team, above which the government has reason to believe is false or incomplete, including but not limited to statements diminishing or denying any criminal involvement which was later admitted; a list of all pending cases or investigations, whether in the United States or any other country, known for the prosecution team regarding any government witness and/or individuals listed in paragraph A., Nos. 1 to 5 inclusive.  Prosecution team above;

4.    On December 29, 2006, the Government produced its selected discovery material, all contained in a single DVD-Rom disc.

5.    As of this date January 19, 2007, the Government has not responded to the Defendant's specific requests.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

====================================================

## POINTS AND AUTHORITIES

1.       Brady and Rule 16. Defendant Lu asserts that the government is overdue and delinquent in response to the obligation to produce discovery pursuant to Fed.R.Crim.P. 16, Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and 18 U.S.C.A. §3500 (the "Jencks Act") to direct an order compelling discovery of the aforementioned material.

2.       Standing Discovery Order December 9, 2006. The Standing Discovery Order requires the government to disclose to the Defendant, well in advance of trial, any evidence or information that was exculpatory or impeaching within the meaning of Kyles v. Whitley, 514 U.S. 419 (1995), U.S. v. Bagley, 473 U.S. 667 (1985), U.S. v. Agurs, 427 U.S. 97 (1976) Giglio v. U.S., 405 U.S. 150 (1972).

3.       Despite specific request and attempt to obtain the aforementioned materials, the government has to date produced none of the requested information, either because the government has unilaterally decided that the requested material is not "material" or because it is perhaps or purportedly not under its control. As demonstrated below, all of the requested information falls within the scope of the standing discovery order and the Kyles - Brady doctrine that should be ordered produced by this court.

4.       The suppression by the prosecution of evidence favorable to an accused violates due process whether evidence is material either through guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is "material" under Brady if it tends to exculpate the defendant, Brady v. Maryland, 373 U.S. at 88, or if it

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

1

2

3 = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

4 would be useful in obtaining further (favorable) evidence. Giles v. State of Md., 386 U.S.

5 66, 74 (1967). See, e.g., U.S. v. Fernandez, 1365 F.3d 1434, 1438 (11th Cir. 1998).

6           5.       It is also well established that "exculpatory" evidence includes

7 evidence that may be useful in impeaching the testimony of government witnesses.

8 Kyles v. Whitley, 514 U.S. 419 (1995).

9           6.       Just as there is no legal distinction between "exculpatory" and

10 "impeaching" evidence for purposes of applying the Brady/Kyles rule, there is no legal

11 distinction between "direct" and "circumstantial" evidence. The government is

12 frequently the beneficiary of this principle, especially in criminal cases where a

13 defendant's *mens rea often is difficult to* prove by "explicit" evidence. See, e.g., U.S. v.

14 Vigil-Montanel, 753 F.2d 996, 999 (11th Cir. 1985) ("[a] defendant's intent can be inferred

15 from his conduct and all the surrounding circumstances"); U.S. v. Arrendondo-Morales,

16 624 F.2d 681, 684 (5th Cir. 1980) ("[b]ecause guilty knowledge is difficult to prove by

17 direct evidence, surrounding circumstances may supply inferences of knowledge which

18 adequately prove intent"). If defendants can be convicted and sent to prison on the basis

19 of circumstantial evidence, surely they may introduce circumstantial evidence in their

20 trials which suggests that they are innocent and that third parties are responsible for the

21 activities with which they are charged.

22           7.       Finally, evidence can be "material" under the Brady / Kyles rule

23 even if that evidence is itself inadmissible at trial. U.S. v. Gil, 297 F.3d 93, 104 (2d Cir.

24 2002).  Accord Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999) ("[i]nadmissible

25 evidence may be material  if the evidence would have led to admissible evidence")'

26 Spaziano v. Singletary, 36 F.3d 1028, 1044 (11th Cir. 1994) (same); Spence v. Johnson, 80

27

28 E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

3   ==========================================================

4   F.3d 989, 1005, n. 14 (5th Cir. 1996) ("[i]nadmissible evidence may be material under

5   Brady"). Hoke v. Netherland, 92 F.3d 1350, 1356, n. 3 (4th Cir. 1996).

6           8.      Under these principles, as well as Fed.R.Crim.Pro. 16 itself, the

7   government should be compelled to produce all of the documents, materials and

8   information requested above.  Rule 16 explicitly requires the production of all tape

9   recordings and statements made by the defendant himself.  See, Request No. 2.  The

10  remaining requests seek impeachment materials of various kinds relating to government

11  witnesses - - including *inter alia* (a) bribes the witnesses (or their relatives or attorneys)

12  paid or attempted to pay government informants to obtain plea bargains, (b) corrupt or

13  false cooperation or attempted cooperation provided or promised by the witnesses; (c)

14  criminal acts committed or attempted by the witnesses including obstruction of justice

15  for which they have not been prosecuted; and (d) other miscellaneous spoken or

16  unspoken promises, benefits and inducements.

17          9.      Moreover, the Court should not only compel the prosecutors now

18  assigned to this case to produce any of the requested materials that are in their

19  possession but require them to conduct searches for the requested information among

20  all agencies and members of the "prosecution team." the prosecutors assigned to try a

21  case have the duty "to learn of any favorable evidence known to others acting on the

22  governments behalf in the case.  Kyles v. Whitley, 514 U.S. 419, 437, 115 S.Ct. 1555, 131

23  L.Ed.2d 490 (1995).  Accordingly, the Brady/Kyles rule extends to all members of the

24  "prosecution team" which "includes both investigative and prosecutorial personnel.

25  U.S. v. Meros, 866 F.2d 1304, 1309 (11th Cir. 1989) (citations omitted).  In Meros, the

26  Eleventh Circuit further defined the term "prosecution team" to include "the prosecutor

27

28  E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

1

2

3 =============================================================

4 or anyone over whom he has authority." U.S. v. Meros, 866 F.2d 1304, 1309 (11th Cir.

5 1989).

6          10.     Under binding Eleventh Circuit and former Fifth Circuit precedent,

7 a prosecutor is deemed to have "authority" over all members of an investigatory team,

8 even when that team consists of members of separate sovereigns, for example, in U.S.

9 v. Antone, 603 F.2d 566 (5th Cir. 1979), a joint task force comprised of FBI agents and

10 state investigators was formed to investigate the murder of a state police officer. Joint

11 meetings were held and tasks were divided among members of the team.  The Court

12 found that the state members of the task force essentially "functioned as agents of the

13 federal government under principles of agency law." U.S. v. Antone, 603 F.2d 566, 570

14 (5th Cir. 1979).  Hence, the Court ruled that information possessed by the *state*

15 investigators was imputed to a federal prosecutor because "the two governments, state

16 and federal, pooled their investigative energies" to prosecute the defendants.  U.S. v.

17 Antone, 603 F.2d 566, 569 (5th Cir. 1979).

18          11.     Other courts have similarly held, in a variety of contexts, that

19 information maintained by cooperating entities falls within the scope of the

20 government's Brady obligation. See, e.g., U.S. v. Auten, 632 F.2d 478, 481 (5th Cir. 1980)

21 (government has duty to seek out "information readily available to it" such as

22 information regarding witness' criminal record); Martinez v. Wainwright, 621 F.2d 184,

23 186-87 (5th Cir. 1980) (finding Brady violation where state prosecutor was unaware that

24 the FBI rap sheet was in the possession of a state medical examiner); U.S. v. Deutsch, 475

25 F.2d 55 (5th Cir. 1973) (overruled on other grounds by, U.S. v. Henry, 749 F.2d 203 (5th

26 Cir. 1984) ) (government had duty under Brady to obtain exculpatory information in

27

28 E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

U.S.A. v. WEN YUEH LU                                    PAGE  9
MOTION TO COMPEL DISCOVERY F.R.CRIM.P. 16

===============================================

possession of the United States Postal Service).  See, also, U.S. v. Wood, 57 F.3d 733, 737 (9th Cir. 1995) (holding that once the Food and Drug Administration "consulted with the prosecutor in the steps leading to the prosecution the FDA is to be considered as part of the prosecution in determining what information must be made available to the defendant" and the government "cannot with its right hand say it has nothing while its left hand holds what is of value); U.S. v. Perdomo, 929 F.2d 967, 970-71, (3d Cir. 1991) (prosecutor's duty to investigate witness' potential criminal record required prosecutor to check Virgin Islands and not just NCIC database).  See, generally, Moon v. Head, 285 F.3d 1301, 1309 (11th Cir. 2002), cert. denied, 537 U.S. 1124, 123 S.Ct.  863, 154 L.Ed.2d 807 (2003) (declining to adopt a per se rule "to determine whether information possessed by one government entity should be imputed to another" but citing Antone with approval).

12.    Accordingly, the prosecutors in this case have a duty to not only search their own files for the requested information but to also search the files of their "prosecution team" members - - including the [groups and names].  An analogous situation occurred in U.S. v. Diaz-Munoz, 632 F.2d 1330 (5th Cir. 1980).  In that case, the defendant was charged with insurance fraud and tax evasion.  The charges arose out of accounts set up to fund anti-Castro activities.  The defendant claimed that the CIA was involved in setting up the accounts and demanded that the government search CIA files for Brady material.  The government refused to conduct a full examination of CIA files and the defendant was convicted.  The fifth Circuit reversed, holding that the specific request required the government to conduct a full search of the CIA's files and to make them available to the district court in camera.  U.S. v. Diaz-Munoz, 632 F.2d 1330, 1334

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

========================================================

(5th Cir. 1980). Indeed, the Fifth Circuit held that the district court committed error by not conducting an *in camera* inspection of the files when the matter first arose.

Under these circumstances, it was error for the trial court to fail to undertake an examination of the file *in camera*. [citations omitted.] We have said that this court cannot decided cases in a vacuum nor pass on facts that are not in the record. [citations omitted.]. It is the responsibility of the trial court and the parties to present a complete record on appeal...

U.S. v. Diaz-Munoz, 632 F.2d 1330, 1334 (5th Cir. 1980). See, also, U.S. v. Brooks, 966 F.2d. 1500, 1504 (D.C. Cir. 1992) ("[w]here, as here, however, there is an explicit request for an apparently very easy examination, and a non-trivial prospect that the examination might yield material exculpatory information, we think the prosecution should make the inquiry"); U.S. v. Burnside, 824 F.Supp. 1215, 1252-53 & n. 51 (N.D. Ill. 1993) (extending prosecution team concept to include Bureau of Prison personnel with whom the prosecutors had, in the past, "communicated freely" about the defendant).

13.    Defendant requests that the government respond to each specific request rather than file a boilerplate response without addressing each request made here. "When a prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." U.S. v. Agurs, 427 U.S. 97, S.Ct. 2392, 49 L.Ed.2d 342 (1976). Indeed, "an incomplete response to specific [Brady] requests not only deprives the defense of certain evidence but has the effect of representing to the defense that the evidence does not exist. In reliance on this misleading representation, the defense might abandon lines of independent investigation, defense or trial strategies that it otherwise would have pursued." U.S. v. Bagley, 473 U.S. 667, 682-683, 105 S.Ct.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

==========================================================

1

2

3

4 | 3375, 87 L.Ed.2d 481(1985).

5

6 | ### CONCLUSION

7 | Defendant moves for an order directing the government to (a) respond

8 | with specificity to each <u>Brady</u> request, (b) take affirmative steps to determine whether

9 | the information sough in the <u>Brady</u> requests exists, and (c) turn over the materials and

10 | information sought by defendant reasonably in advance of trial to permit meaningful

11 | trial preparation.

12 | Dated this *19th* day of January, 2007.

13 | Respectfully submitted,

14 | Attorneys for Petitioner/Defendant:
*WEN YUEH LU*

15

16 | **BERMAN O'CONNOR & MANN**
**THE LAW OFFICES OF MARK S. SMITH**

17

18 | By: _____
**DANIEL BERMAN**

19 | **MARK S. SMITH**

20

21

22

23

24

25

26

27

28 | E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Compel.wpd

456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (671) 477-8831
E-mail: markshawnsmith@hotmail.com

RECEIVED
JAN 0 9 2007
BERMAN O'CONNOR
MANN & SHKLOV

January 9, 2007

**VIA FACSIMILE & HAND-DELIVERY:**
(671) 472-7215

Karon V. Johnson, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

Re:     <u>USA v. Lu, Wen Yueh; USDC #: MJ 06-00031-001</u>
               <u>Notice of Motion to Compel and Dismiss After Five Days</u>

Dear Karon:

On December 29, 2006, we received the Government's production of discovery due and owing to Defendant Wen Yueh Lu. We especially note that the entire discovery production was confined to one DVD rom. Within the DVD rom was a voluminous collection of miniaturized documents, pictures of evidence and digital images. However, none of the discovery produced was that of tangible items that the Government has custody of, nor picture photographs or hard documents capable of ready use, marking and introduction as evidence in the Court.

In particular, Defendant Lu understands that the Government has confiscated, taken possession and failed to return the following evidence and tangible property items which must be turned over in discovery to Defendant Lu to prepare for his trial defense. These include:

A.     **Original Navigation Equipment**

1.     Furuno GPS Navigator, GP-90, Serial No. 4400-7672, dated September 14, 2006, Tag No. 009.
2.     Furuno GPS Navigator, Serial No. 4400-0450, dated September 20, 2006, Seized Property Receipt No. 30549.

3.     Two color plotter memory cards, No. B5XX.0081 Class S*, No. B5XX.0081 Class G, dated September 20, 2006, Seized Property Receipt No. 30540.

4.     Two color plotter memory cards, No. B7B5.0110, No. B5XX.0081, dated September 20, 2006, Seized Property Receipt No. 30541.

**US Attorney's Office
Districts of Guam & NMI**

JAN 09 2007
Time _____
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

Case 1:06-mj-00031    Document 37    Filed 01/19/2007    Page 12 of 20

**EXHIBIT "A"**

5.    South Pacific Regional Purse Seine Log Sheet, dated September 13, 2006, Tag No. 06-028-001.

6.    Claim to Potential Maritime Zones chart, Second Revision, March 1995, dated September 13, 2006, Tag No. 06-028-005.

7.    Marshalls No. 201 Ship's Log Book, estimated value $35.00.   September 13, 2006.  Tag No. 06-028-004.

**B.    Original Ship's Logs and Documents.**

8.    Marshalls No. 201  fish hold layout / log.  Dated September 13, 2006.  Tag No. 06-028-002.

9.    Brown Engineering Log Book "NiuGini_._ _ _" on the cover.   Dated September 13, 2006.  Tag No. 06-028-008.

10.    Koo's Fishing Company Ltd. Engineering log book.  Blue in color.  Dated September 13, 2006.  Tag No. 06-028-007.

11.    Tuvalu to Palmyra Atoll. No. 2031 o.r., Nautical Chart, dated September 13, 2006.  Tag No. 06-028-006.

12.    Two (2) FAD, Green Notebook.  Dated September 20, 2006.  Tag No. 30538.

13.    Koo's 106, Blue Log Book.  Dated September 20, 2006.  Seized Property Receipt No. 30539.

14.    Green Notebook.  Dated September 20, 2006.  Seized Property Receipt No. 27069.

15.    Fishing Log Sheets.  Dated September 20, 2006.  Seized Property Receipt No. 30542.

**C.    Spoliation of Evidence - Notice of Motion to Dismiss**

16.    Two working operational lap top computers were seized by the U.S.A., (VMS programmed for broadcast signal and communication with FFA), necessary to fishing. One returned laptop computer was utterly destroyed by the U.S. Government after confiscation.

**Saipan Office**
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251
Case 1:06-mj-00031    Document 37    Filed 01/19/2007    Page 13 of 20

The second computer returned lacks the navigational memory data.  We request that the U.S. immediately restore and repair the damaged computer so that it may be used for trial.  Otherwise, Defendant shall bring a Motion to Dismiss for destruction and spoilation of the evidence.

### D.      Notice of Motion to Compel

For the reasons specifically identified above, the discovery produced is not adequate, evasive and intentionally fails to satisfy the Government's obligation to Defendant Wen Yueh Lu to provide discovery.  Defendant Lu provides notice of Motion to Compel to be brought in five (5) days if the above evidence is not turned over to Defendant.

### E.      Request for All Discovery

In order to expedite disposition of this case, or adequately prepare for motions and trial, as the case may be, the government is requested to provide the following discovery at its earliest convenience.

1.      Notice under Fed. R. Crim. P. 12(d)(2) of your intention to use in your case-in-chief at trial any evidence which the defendant may be entitled to discover under Fed. R. Crim. P. 16.

2.      All materials mandated by Fed. R. Crim. P. 16 and by Local Rule 320-1(a), including but not limited to:

> a)      The defendant's written or recorded statements;

> b)      The defendant's prior criminal record;

> c)      Photographs, books, papers, documents and objects, etc., which are material to the preparation of the defense;

> d)      Photographs, books, papers, documents, objects, etc., which belong to the defendant;

> e)      Photographs, books, papers, documents, objects, etc., which were obtained from the defendant;

> f)      Photographs, books, papers, documents, objects, etc., which you intend to use in your case-in-chief;

> g)      All reports of examinations, tests, and experiment

**Saipan Office**
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031     Document 37     Filed 01/19/2007     Page 14 of 20

h)      Photographs used in any line-up, show-up, or photo spread; and information regarding any identification proceeding;

i)      All search warrants and supporting affidavits connected to this case; and

j)      Any evidence that the defendant was the subject of eavesdropping, wiretapping or any other interception of communications.

3.      The conclusions and findings of any expert witness you intend to call, whether or not he has prepared a written report. United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to defense to check conclusions and findings of experts").

4.      The description of any prior conviction of the defendant, any "prior similar act" or any other evidence covered by Fed. R. Evid. 609 or 404(b) that you would seek to introduce at trial and the theory of its admission. United States v. Foskey, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (government should give adequate notice of 404(b) evidence).

5.      All written or recorded statements of the defendant or of any co-defendant, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing. If the statements are recorded, please provide a transcript and audible copy of each recording. United States v. Bailleux, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant") (emphasis added).

6.      All agents' rough notes of all statements referred to in item 5 above. United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent's original interview notes, especially with the accused, are potentially discoverable under the Jencks Act and must be preserved).

7.      The arrest and conviction record of each prospective government witness including the docket number and jurisdiction of all pending cases. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed), cert. denied, 489 U.S. 1032 (1989); Perkins v. Lefevre, 691 F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet"); United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980) (criminal record of witness must be disclosed).

The disclosure of the criminal records should be well in advance of trial so that the defense will have time to obtain the necessary copies of conviction and docket sheets. Cf. Lewis v. Lane, 832 F.2d 1446, 1458-59 (7th Cir. 1987) (defense counsel found incompetent in relying on FBI's rap sheet and client's own recollection to verify records), cert. denied, 488 U.S. 829 (1988).

**Saipan Office**
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251

Case 1:06-mj-00031   Document 37   Filed 01/19/2007   Page 15 of 20

8.    A copy of any federal or state probation or pre-sentence report of any prospective witness.  See United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

9.    The oral and written results of any polygraph test administered to any witness.  Carter v. Rafferty, 826 F.2d 1299, 1306-09 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988); United States v. Lynn, 856 F.2d 430, 432-33 (1st Cir. 1989) (reversible error not to allow cross-examination about "inclusive polygraph results").

10.    Any express or implicit promise, understanding, offer of immunity or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability.  United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986) (all benefits and promises, including tax benefits); Wood v. United States, 863 F.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable gross income earnings if later forfeited to government); United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (government required to disclose pre-trial all promises and inducements); United States v. Risken, 788 F.2d 1361, 1375 (8th Cir.) (implied contingent fees), cert. denied. 479 U.S. 923 (1986).

11.    Any discussion with a prospective witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed.  Brown v. Dugger, 831 F.2d 1547, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes).

12.    Any evidence that any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425, 428 (2d Cir.) (government is under affirmative duty to disclose fact that government witness is under investigation), cert. denied, 474 U.S. 945 (1985).

13.    Any evidence that any prospective government witness has ever made any false statement to the authorities whether or not, under oath or under penalty of perjury, or that any witness does not have a good reputation in the community for honesty.  See United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (evidence that witness previously lied to authorities must be disclosed), cert. denied, 489 U.S. 1032 (1989).

14.    Any evidence that any prospective witness has made a contradictory or inconsistent statement with regard to this case.  McDowell v. Dixon, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error not to disclose victim's prior inconsistent statement to police that attacker was white not black), cert. denied, 489 U.S. 1033 (1989); United States v. Hibler, 463 F.2d 455,

**Saipan Office**
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251
Case 1:06-mj-00031    Document 37    Filed 01/19/2007    Page 16 of 20

460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story of the witness); Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979) (duty to disclose police officer's evidence refuting witness's statement that he identified defendant at lineup), cert. denied, 444 U.S. 1086 (1980); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed).

15.    Any evidence that the testimony of any prospective witness is inconsistent with any statement of any other person or prospective witness. Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979); Hibler, supra.

16.    Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (government must disclose probation file of witness showing tendency to lie or "over-compensate" because motive to inform is discoverable), cert. denied, 489 U.S. 1032 (1989).

17.    Any evidence that any prospective government witness has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. See Fed. R. Evid. 608(b); United States v. Boffa, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

18.    Any evidence that any prospective witness has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in an arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to authorities), cert. denied, 489 U.S. 1032 (1989); Fed. R. Evid. 608(b).

19.    Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing the events that gave rise to his testimony. See United States v. Butler, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (narcotics use impairs memory, judgment and credibility).

20.    Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (probation file of government witness must be disclosed as part of criminal record), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); United States v. Butler, supra, 481 F.2d at 534-35 (narcotics use impairs memory, judgment and credibility).

**Saipan Office**
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251
Case 1:06-mj-00031    Document 37    Filed 01/19/2007    Page 17 of 20

21.    Any evidence that someone other than the defendant committed, or was ever <u>suspected</u> of committing, the crime charged. <u>Miller v. Angliker</u>, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose evidence that person other than defendant committed murders), <u>cert</u>. <u>denied</u>, 488 U.S. 890 (1988); <u>Bowen v. Maynard</u>, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who resembled defendant), <u>cert</u>. <u>denied</u>, 479 U.S. 962 (1986); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.) (error not to disclose statement of witness <u>not</u> mentioning defendant), <u>cert</u>. <u>denied</u>, 439 U.S. 883 (1978); <u>Sellers v. Estelle</u>, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports indicating guilt of another, reversible error), <u>cert</u>. <u>denied</u>, 455 U.S. 927 (1982).

22.    All prospective government witnesses' personnel files. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) (failure to disclose personnel files of government witnesses that contain impeachment material is reversible error).

23.    The prior record, promised immunities, and any other evidence affecting the issues of bias or credibility of all prospective government witnesses. <u>See</u> <u>United States v. Auten</u>, 632 F.2d 478 (5th Cir. 1980) (informant's criminal records discoverable); <u>Giglio v. United States</u>, 405 U.S. 150 (1972) (all promises of consideration given to witness discoverable); <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11th Cir. 1983) (evidence of psychiatric treatment discoverable); <u>United States v. Mayer</u>, 556 F.2d 245 (5th Cir. 1977) (identification of informant's prior testimony discoverable); <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972) (evidence of informant's narcotic habit discoverable).

The inherent unreliability of the testimony of an accomplice underscores a need for a complete disclosure of information relating to credibility. <u>See</u> <u>United States v. Caldwell</u>, 466 F.2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that the disclosure would, within "reasonable probability," affect the result of the proceeding. <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

24.    The name and last known address of each prospective government witness. <u>See</u> <u>United States v. Tucker</u>, 716 F.2d 576, 583 (9th Cir. 1983) (failure to interview government witnesses by defense is ineffective assistance of counsel); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to government witnesses), <u>cert</u>. <u>denied</u>, 444 U.S. 1034 (1980); <u>United States v. Armstrong</u>, 621 F.2d 951, 955 (9th Cir. 1980) (court has discretion to order disclosure of names of witnesses); <u>United States v. Napue</u>, 834 F.2d 1311, 1318 (7th Cir. 1987) (court has discretion to require government to provide defendant with a list of government witnesses); <u>United States v. Shoher</u>, 555 F. Supp. 346, 353-54 (S.D.N.Y. 1983) (names and addresses of witnesses ordered disclosed).

**Saipan Office**
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251
Case 1:06-mj-00031    Document 37    Filed 01/19/2007    Page 18 of 20

25.     The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984) (names of percipient witnesses not called by government must be disclosed).

26.     The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged, and the content of any favorable statement. <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statement of witness must be disclosed); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.) (statement of eyewitness to crime which did not mention defendant must be disclosed), <u>cert</u>. <u>denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979) (duty to disclose police officer's testimony contradicting witness's identification of defendant), <u>cert</u>. <u>denied</u>, 444 U.S. 1086 (1980); <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on defendant's identity).

27.     Any evidence, including any statement by any person, tending to exculpate the defendant in whole or in part. <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), <u>United States v. Weintraub</u>, 871 F.2d 1257, 1264 (5th Cir. 1989); <u>United States v. Srulowitz</u>, 785 F.2d 382, 388-90 (2nd Cir. 1986).

28.     All prior written, recorded, or oral statements of each prospective witness relating to this case to whomever made.

29.     All notes or any other writings or documents, used by the witness before the grand jury. <u>United States v. Wallace</u>, 848 F.2d 1464, 1470 (9th Cir. 1988).

30.     Agents' or prosecutor's notes of interviews with prospective government witnesses. <u>See</u> <u>Goldberg v. United States</u>, 425 U.S. 94 (1976).

31.     A transcript of the grand jury testimony of each prospective witness, and of all remarks addressed to the grand jury by the prosecutor. In addition, in order that the defense may prepare appropriate motions, if necessary, please state whether:

a)     An informer was in any way connected in this case.
b)     Any searches of persons or places occurred during any phase of this case. If so, please provide the date and location of the search and a list of the items seized.

It is also requested that you make specific inquiry of each government agent connected to the case for each of the above items. <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir.) (prosecutor will be deemed to have knowledge or any access to anything in possession, custody or control of any federal agency participating in the same investigation), <u>cert</u>. <u>denied</u>, 110

<u>Saipan Office</u>
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251
Case 1:06-mj-00031    Document 37    Filed 01/19/2007    Page 19 of 20

S. Ct. 167 (1989); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise made by agent to witness even if prosecutor did not know); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI is deemed to be in custody of United States attorney); United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of the prosecution); United States v. Jackson, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge is attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution).

If you decline to disclose any of the above items, or if you have doubts as to the propriety of disclosure, please submit the questioned material to the court for its review. United States v. Lehman, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); United States v. Cadet, 727 F.2d 1453, 1470 (9th Cir. 1984). The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting your duty to disclose favorable evidence. United States v. McClintock, 748 F.2d 1278, 1285 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985). Therefore, any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." United States v. Ramirez, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).

Finally, please consider this request to be for continuing discovery of the above-mentioned items pursuant to Fed. R. Crim. P. 16(c).

All items should be disclosed one week from the arraignment date, the date set by Local Rule and well before trial. United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987); United States v. Bailey, 689 F. Supp. 1463, 1472 (N.D. Ill. 1987) (exculpatory evidence ordered produced "immediately").

Thank you in advance for your prompt attention to this matter.

Sincerely,

Mark Smith

Saipan Office
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251