


DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL CASE NO. CV06-00030 |
| Plaintiff, | ) |
| vs. | ) |
| MARSHALLS 201, | ) |
| Defendant. | ) |

**COPY**

DEPOSITION OF WEN-YUEH LU

Taken on Behalf of the Plaintiff

BE IT REMEMBERED That, pursuant to the Guam Rules of Civil Procedure, the deposition of WEN-YUEH LU was taken before Veronica F. Reilly, Certified Shorthand Reporter, on Thursday, the 7th day of December 2006, at 9:30 o'clock a.m. and on Friday, the 8th day of December 2006, at 10:00 o'clock a.m. at the law offices of Berman O'Connor & Mann, Suite 503, Bank of Guam Building, 111 Chalan Santo Papa, Hagatna, Guam.



Veronica F. Reilly, CSR-RPR
Certified Shorthand Reporter
Tel: 671.734.1041 * Fax: 671.734.1045
E-mail: veronica.reilly@hotmail.com



1  signals, when we're on the ship.
2      Q.    And since you've returned to visit Guam, did you try
3  to make it work?
4      A.    This machine has been stopped, out of work three
5  years.
6      Q.    And is the condition now the same as the condition
7  before when it was on the ship, Marshalls 201?
8      A.    Yes, same like before.
9      Q.    Let me show you a photograph. I'll mark it 12A. Is
10 the photograph a fair and accurate picture of Exhibit 12, the
11 laptop computer?
12                         (Exhibit 12A marked.)
13     A.    Yeah.
14     Q.    Is the picture a fair and accurate copy of the
15 computer laptop, Exhibit 12?
16     A.    Yes, I agree.
17     Q.    Thank you. Let me show you another exhibit. I'll
18 mark it Exhibit 13. Mr. Lu, do you recognize Exhibit 13?
19                         (Exhibit 13 marked.)
20     A.    Yes, I know it.
21     Q.    Have you seen it before today?
22     A.    Yes.
23     Q.    Where did it come from?
24     A.    On the ship of the Marshalls 201 ship.
25     Q.    And what purpose did this computer serve on the

1 Marshalls 201?
2  A.  This is automatic to report the situation of our
3 ship, the location on the ship. Everyday, they have FFA
4 calling about our positions in the ocean. We use these
5 machines.
6  Q.  When this machine, Exhibit 13 computer, was on the
7 Marshalls 201, did it work?
8  A.  Yeah, very normal. Operational.
9  Q.  Did you see the removal of this laptop computer the
10 Marshalls 201 by the United States?
11  A.  Yes, I saw that, yes. They take pictures.
12  Q.  When Exhibit 13 computer was removed, did it look
13 the way it looks on this table today?
14  A.  It's not the same now.
15  Q.  Did you try to make Exhibit 13 computer work
16 yesterday in this office?
17  A.  Yeah, I try. It was all broken. It's inoperational
18 now.
19  Q.  Let me show you what I'll mark as Exhibit 13A, 13B,
20 13C first by showing it to opposing counsel.
21      MR. SCHWAB:  Is that my copy?
22      MR. BERMAN:  No. I can make copies later. I'll
23 represent they're digital photographs made of the machine in
24 front of us on November 22 when my office received --
25      MR. SCHWAB:  Just for the record, I'll put on an

1  objection of relevance.
2          MR. BERMAN: 13D and E also, showing to opposing
3  counsel.
4          MR. SCHWAB: Again, objection to relevance.
5  BY MR. BERMAN: (CONTINUING)
6      Q. Mr. Lu, is 13A, 13B, 13C, 13D and 13E a fair and
7  accurate picture of the computer, Exhibit 13, in front of
8  you?
9      A. Yesterday, I tried to plug in, tried to move, it's
10 inoperational. And on this part, when I use my eye to look
11 at it, it's already damaged. Something damaged there.
12     Q. Let me rephrase the questions. Are the pictures
13 fair and accurate pictures of the computer in front of you?
14 Yes or no?
15     A. Yeah, in our ship at that time, it's operational.
16 Everything is very perfect. Now it's different now. All
17 these things, I don't think this is original. This machine
18 on our ship is not the same.
19     Q. Do the photographs in Exhibit 13A to 13B, 13C, 13D,
20 13E, 13F look like the computer in front of us?
21         MR. SCHWAB: Objection on relevance.
22     A. These are the same. On this as it is now, it's
23 same. When the machine on the ship, it's operational. It's
24 good.
25 BY MR. BERMAN: (CONTINUING)

1  Q. Mr. Lu, the laptop computer, Exhibit 13, how many
2  broadcasts per day did it send to the Foreign Fisheries
3  Agency in Honiara?
4       MR. SCHWAB: Objection. He said this isn't the
5  laptop that was on his ship.
6       MR. BERMAN: Oh. Did he say that?
7       MR. SCHWAB: Uh-huh.
8  BY MR. BERMAN: (CONTINUING)
9  Q. I'm sorry. Mr. Lu, was this laptop Exhibit 13 not
10 on Marshalls 201 or was it on Marshalls 201?
11 A. Yes, it was on the 201 ship.
12 Q. While the computer, Exhibit 13, was on Marshalls
13 201, did it send broadcasts to the FAA Foreign Fisheries
14 Authority in Honiara?
15 A. Yes, I did, everyday.
16 Q. How many times everyday did it send the location of
17 the Marshalls 201?
18 A. Everyday we send this message to our company and
19 also FFA everyday send a message to us when we're on the
20 ocean.
21 Q. When laptop, Exhibit 13 computer, was working, did
22 it send location only once a day to FFA or more than once a
23 day?
24 A. Everyday once. So everyday, I have to watch
25 FAA(sic) how many times, because when I send our location to

```
 1  FAA(sic), they have to send some signals.  I have to watch.
 2  If at that time no action from FAA(sic), I have to report to
 3  my mother companies, otherwise we'll be penalized.  Everyday,
 4  the least I have to saw at least is once I have to see this
 5  machine.
 6          MR. BERMAN:  I couldn't understand.  At least
 7  what?
 8          TRANSLATOR:  Once.
 9          MR. BERMAN:  The whole sentence.  I couldn't
10  understand your English.
11          TRANSLATOR:  My English is, he has to watch this
12  at least once a day.  In other words, more than once is
13  possible, but cannot be none at all everyday.
14  BY MR. BERMAN: (CONTINUING)
15      Q.  And changing the question, this computer laptop,
16  Exhibit 13, was it used to send location to Taipei in Taiwan?
17      A.  Yes, everyday.
18      Q.  And on the Marshalls 201, were you or another man
19  the operator for this machine?
20      A.  I'm the only one.
21      Q.  Let me change the questions.  We're done with this.
22  Mr. Lu, did the Marshalls 201 have a GPS onboard the ship
23  that worked?
24      A.  Yes, we have.
25      Q.  And do you recall whether or not you could operate
```

```
 1  the GPS or did you use another crewman to operate the GPS?
 2       A.   To answer your question, on the GPS, certain actions
 3  I can handle myself.  Some of this special movements, I do
 4  not know, I cannot operate.
 5       Q.   Could you operate the reading and recording of
 6  position from the GPS onboard the Marshalls 201?
 7       A.   Of course.  I have to understand that.
 8       Q.   When you say of course you have to understand that?
 9            TRANSLATOR:  The positions.
10       Q.   Let me provide a copy of Exhibit 14 to opposing
11  counsel.  Let me show you, Mr. Lu, Exhibit 14.  Have you seen
12  Exhibit 14 before today?
13       A.   This is the GPS.  The Coast Guard, they took it.
14  They never return back to us.
15       Q.   Do you see the signature at the bottom of the
16  Exhibit 14 card?
17       A.   That's my signature.
18       Q.   Let me show you Exhibit 15.  Do you recognize
19  Exhibit 15?
20       A.   Another one I remember they took from Guam.
21       Q.   You say they.  Who's they took?
22       A.   I don't remember the guy's name.  There's a name
23  here, you can see there's a name here.
24       Q.   Well for Exhibit 15 you're pointing at, did the
25  United States remove a GPS and give you in return Exhibit 15
```

# CERTIFICATE OF WITNESS

SUPERIOR COURT OF GUAM       )

      I, Wen-Yueh Lu, being first duly sworn on oath, depose and say that I am the witness named in the foregoing deposition transcript and that I have read the questions and answers thereon as contained in the foregoing deposition, consisting of pages 1 through 163; that the answers are true and correct as given by me at the time of taking the deposition, except as indicated on the correction sheet.

_____
Wen-Yueh Lu

# THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (671) 477-8831
E-mail: markshawnsmith@hotmail.com



January 9, 2007

**VIA FACSIMILE & HAND-DELIVERY:**
(671) 472-7215

Karon V. Johnson, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

   Re: <u>USA v. Lu, Wen Yueh; USDC #: MJ 06-00031-001</u>
      <u>Notice of Motion to Compel and Dismiss After Five Days</u>

Dear Karon:

  On December 29, 2006, we received the Government's production of discovery due and owing to Defendant Wen Yueh Lu. We especially note that the entire discovery production was confined to one DVD rom. Within the DVD rom was a voluminous collection of miniaturized documents, pictures of evidence and digital images. However, none of the discovery produced was that of tangible items that the Government has custody of, nor picture photographs or hard documents capable of ready use, marking and introduction as evidence in the Court.

  In particular, Defendant Lu understands that the Government has confiscated, taken possession and failed to return the following evidence and tangible property items which must be turned over in discovery to Defendant Lu to prepare for his trial defense. These include:

  A. **Original Navigation Equipment**

  1. Furuno GPS Navigator, GP-90, Serial No. 4400-7672, dated September 14, 2006, Tag No. 009.
  2. Furuno GPS Navigator, Serial No. 4400-0450, dated September 20, 2006, Seized Property Receipt No. 30549.

  3. Two color plotter memory cards, No. B5XX.0081 Class S*, No. B5XX.0081 Class G, dated September 20, 2006, Seized Property Receipt No. 30540.

  4. Two color plotter memory cards, No. B7B5.0110, No. B5XX.0081, dated September 20, 2006, Seized Property Receipt No. 30541.

**Saipan Office**
1st Floor, San Jose Court Building
Cor. Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251



**US Attorney's Office
Districts of Guam & NMI**

JAN 09 2007
Time _____ 12:50
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

    5.    South Pacific Regional Purse Seine Log Sheet, dated September 13, 2006, Tag No. 06-028-001.

    6.    Claim to Potential Maritime Zones chart, Second Revision, March 1995, dated September 13, 2006, Tag No. 06-028-005.

    7.    Marshalls No. 201 Ship's Log Book, estimated value $35.00. September 13, 2006. Tag No. 06-028-004.

**B.    Original Ship's Logs and Documents.**

    8.    Marshalls No. 201 fish hold layout / log. Dated September 13, 2006. Tag No. 06-028-002.

    9.    Brown Engineering Log Book "NiuGini_._ _ _" on the cover. Dated September 13, 2006. Tag No. 06-028-008.

    10.    Koo's Fishing Company Ltd. Engineering log book. Blue in color. Dated September 13, 2006. Tag No. 06-028-007.

    11.    Tuvalu to Palmyra Atoll. No. 2031 o.r., Nautical Chart, dated September 13, 2006. Tag No. 06-028-006.

    12.    Two (2) FAD, Green Notebook. Dated September 20, 2006. Tag No. 30538.

    13.    Koo's 106, Blue Log Book. Dated September 20, 2006. Seized Property Receipt No. 30539.

    14.    Green Notebook. Dated September 20, 2006. Seized Property Receipt No. 27069.

    15.    Fishing Log Sheets. Dated September 20, 2006. Seized Property Receipt No. 30542.

**C.    Spoliation of Evidence - Notice of Motion to Dismiss**

    16.    Two working operational lap top computers were seized by the U.S.A., (VMS programmed for broadcast signal and communication with FFA), necessary to fishing. One returned laptop computer was utterly destroyed by the U.S. Government after confiscation.

Saipan Office
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031    Document 39-3    Filed 01/19/2007    Page 11 of 18

The second computer returned lacks the navigational memory data. We request that the U.S. immediately restore and repair the damaged computer so that it may be used for trial. Otherwise, Defendant shall bring a Motion to Dismiss for destruction and spoilation of the evidence.

### D. Notice of Motion to Compel

For the reasons specifically identified above, the discovery produced is not adequate, evasive and intentionally fails to satisfy the Government's obligation to Defendant Wen Yueh Lu to provide discovery. Defendant Lu provides notice of Motion to Compel to be brought in five (5) days if the above evidence is not turned over to Defendant.

### E. Request for All Discovery

In order to expedite disposition of this case, or adequately prepare for motions and trial, as the case may be, the government is requested to provide the following discovery at its earliest convenience.

1. Notice under Fed. R. Crim. P. 12(d)(2) of your intention to use in your case-in-chief at trial any evidence which the defendant may be entitled to discover under Fed. R. Crim. P. 16.

2. All materials mandated by Fed. R. Crim. P. 16 and by Local Rule 320-1(a), including but not limited to:

   a) The defendant's written or recorded statements;

   b) The defendant's prior criminal record;

   c) Photographs, books, papers, documents and objects, etc., which are material to the preparation of the defense;

   d) Photographs, books, papers, documents, objects, etc., which belong to the defendant;

   e) Photographs, books, papers, documents, objects, etc., which were obtained from the defendant;

   f) Photographs, books, papers, documents, objects, etc., which you intend to use in your case-in-chief;

   g) All reports of examinations, tests, and experiment

Saipan Office
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

    h) Photographs used in any line-up, show-up, or photo spread; and information regarding any identification proceeding;

    i) All search warrants and supporting affidavits connected to this case; and

    j) Any evidence that the defendant was the subject of eavesdropping, wiretapping or any other interception of communications.

  3. The conclusions and findings of any expert witness you intend to call, whether or not he has prepared a written report. United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to defense to check conclusions and findings of experts").

  4. The description of any prior conviction of the defendant, any "prior similar act" or any other evidence covered by Fed. R. Evid. 609 or 404(b) that you would seek to introduce at trial and the theory of its admission. United States v. Foskey, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (government should give adequate notice of 404(b) evidence).

  5. All written or recorded statements of the defendant or of any co-defendant, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing. If the statements are recorded, please provide a transcript and audible copy of each recording. United States v. Bailleux, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant") (emphasis added).

  6. All agents' rough notes of all statements referred to in item 5 above. United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agent's original interview notes, especially with the accused, are potentially discoverable under the Jencks Act and must be preserved).

  7. The arrest and conviction record of each prospective government witness including the docket number and jurisdiction of all pending cases. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed), cert. denied, 489 U.S. 1032 (1989); Perkins v. Lefevre, 691 F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet"); United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980) (criminal record of witness must be disclosed).

  The disclosure of the criminal records should be well in advance of trial so that the defense will have time to obtain the necessary copies of conviction and docket sheets. Cf. Lewis v. Lane, 832 F.2d 1446, 1458-59 (7th Cir. 1987) (defense counsel found incompetent in relying on FBI's rap sheet and client's own recollection to verify records), cert. denied, 488 U.S. 829 (1988).

**Saipan Office**
1st Floor, San Jose Court Building
Cor. Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031 Document 39-3 Filed 01/19/2007 Page 13 of 18

8. A copy of any federal or state probation or pre-sentence report of any prospective witness. See United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

9. The oral and written results of any polygraph test administered to any witness. Carter v. Rafferty, 826 F.2d 1299, 1306-09 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988); United States v. Lynn, 856 F.2d 430, 432-33 (1st Cir. 1989) (reversible error not to allow cross-examination about "inclusive polygraph results").

10. Any express or implicit promise, understanding, offer of immunity or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986) (all benefits and promises, including tax benefits); Wood v. United States, 863 F.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable gross income earnings if later forfeited to government); United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (government required to disclose pre-trial all promises and inducements); United States v. Risken, 788 F.2d 1361, 1375 (8th Cir.) (implied contingent fees), cert. denied. 479 U.S. 923 (1986).

11. Any discussion with a prospective witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. Brown v. Dugger, 831 F.2d 1547, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes).

12. Any evidence that any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425, 428 (2d Cir.) (government is under affirmative duty to disclose fact that government witness is under investigation), cert. denied, 474 U.S. 945 (1985).

13. Any evidence that any prospective government witness has ever made any false statement to the authorities whether or not, under oath or under penalty of perjury, or that any witness does not have a good reputation in the community for honesty. See United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (evidence that witness previously lied to authorities must be disclosed), cert. denied, 489 U.S. 1032 (1989).

14. Any evidence that any prospective witness has made a contradictory or inconsistent statement with regard to this case. McDowell v. Dixon, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error not to disclose victim's prior inconsistent statement to police that attacker was white not black), cert. denied, 489 U.S. 1033 (1989); United States v. Hibler, 463 F.2d 455,

**Saipan Office**
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031   Document 39-3   Filed 01/19/2007   Page 14 of 18

460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story of the witness); Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979) (duty to disclose police officer's evidence refuting witness's statement that he identified defendant at lineup), cert. denied, 444 U.S. 1086 (1980); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed).

15. Any evidence that the testimony of any prospective witness is inconsistent with any statement of any other person or prospective witness. Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979); Hibler, supra.

16. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (government must disclose probation file of witness showing tendency to lie or "over-compensate" because motive to inform is discoverable), cert. denied, 489 U.S. 1032 (1989).

17. Any evidence that any prospective government witness has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. See Fed. R. Evid. 608(b); United States v. Boffa, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

18. Any evidence that any prospective witness has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in an arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to authorities), cert. denied, 489 U.S. 1032 (1989); Fed. R. Evid. 608(b).

19. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing the events that gave rise to his testimony. See United States v. Butler, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (narcotics use impairs memory, judgment and credibility).

20. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (probation file of government witness must be disclosed as part of criminal record), cert. denied, 489 U.S. 1032 (1989); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); United States v. Butler, supra, 481 F.2d at 534-35 (narcotics use impairs memory, judgment and credibility).

**Saipan Office**
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801Facsimile: (670) 234-1251

Case 1:06-mj-00031   Document 39-3   Filed 01/19/2007   Page 15 of 18

21. Any evidence that someone other than the defendant committed, or was ever <u>suspected</u> of committing, the crime charged. <u>Miller v. Angliker</u>, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose evidence that person other than defendant committed murders), <u>cert</u>. <u>denied</u>, 488 U.S. 890 (1988); <u>Bowen v. Maynard</u>, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who resembled defendant), <u>cert</u>. <u>denied</u>, 479 U.S. 962 (1986); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.) (error not to disclose statement of witness <u>not</u> mentioning defendant), <u>cert</u>. <u>denied</u>, 439 U.S. 883 (1978); <u>Sellers v. Estelle</u>, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports indicating guilt of another, reversible error), <u>cert</u>. <u>denied</u>, 455 U.S. 927 (1982).

22. All prospective government witnesses' personnel files. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) (failure to disclose personnel files of government witnesses that contain impeachment material is reversible error).

23. The prior record, promised immunities, and any other evidence affecting the issues of bias or credibility of all prospective government witnesses. <u>See United States v. Auten</u>, 632 F.2d 478 (5th Cir. 1980) (informant's criminal records discoverable); <u>Giglio v. United States</u>, 405 U.S. 150 (1972) (all promises of consideration given to witness discoverable); <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11th Cir. 1983) (evidence of psychiatric treatment discoverable); <u>United States v. Mayer</u>, 556 F.2d 245 (5th Cir. 1977) (identification of informant's prior testimony discoverable); <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972) (evidence of informant's narcotic habit discoverable).

The inherent unreliability of the testimony of an accomplice underscores a need for a complete disclosure of information relating to credibility. <u>See United States v. Caldwell</u>, 466 F.2d 611 (9th Cir. 1972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that the disclosure would, within "reasonable probability," affect the result of the proceeding. <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

24. The name and last known address of each prospective government witness. <u>See United States v. Tucker</u>, 716 F.2d 576, 583 (9th Cir. 1983) (failure to interview government witnesses by defense is ineffective assistance of counsel); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to government witnesses), <u>cert</u>. <u>denied</u>, 444 U.S. 1034 (1980); <u>United States v. Armstrong</u>, 621 F.2d 951, 955 (9th Cir. 1980) (court has discretion to order disclosure of names of witnesses); <u>United States v. Napue</u>, 834 F.2d 1311, 1318 (7th Cir. 1987) (court has discretion to require government to provide defendant with a list of government witnesses); <u>United States v. Shoher</u>, 555 F. Supp. 346, 353-54 (S.D.N.Y. 1983) (names and addresses of witnesses ordered disclosed).

Saipan Office
1st Floor, San Jose Court Building
Cor. Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031   Document 39-3   Filed 01/19/2007   Page 16 of 18

25. The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984) (names of percipient witnesses not called by government must be disclosed).

26. The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged, and the content of any favorable statement. <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statement of witness must be disclosed); <u>James v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.) (statement of eyewitness to crime which did not mention defendant must be disclosed), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979) (duty to disclose police officer's testimony contradicting witness's identification of defendant), <u>cert. denied</u>, 444 U.S. 1086 (1980); <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on defendant's identity).

27. Any evidence, including any statement by any person, tending to exculpate the defendant in whole or in part. <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), <u>United States v. Weintraub</u>, 871 F.2d 1257, 1264 (5th Cir. 1989); <u>United States v. Srulowitz</u>, 785 F.2d 382, 388-90 (2nd Cir. 1986).

28. All prior written, recorded, or oral statements of each prospective witness relating to this case to whomever made.

29. All notes or any other writings or documents, used by the witness before the grand jury. <u>United States v. Wallace</u>, 848 F.2d 1464, 1470 (9th Cir. 1988).

30. Agents' or prosecutor's notes of interviews with prospective government witnesses. See <u>Goldberg v. United States</u>, 425 U.S. 94 (1976).

31. A transcript of the grand jury testimony of each prospective witness, and of all remarks addressed to the grand jury by the prosecutor. In addition, in order that the defense may prepare appropriate motions, if necessary, please state whether:

    a) An informer was in any way connected in this case.
    b) Any searches of persons or places occurred during any phase of this case. If so, please provide the date and location of the search and a list of the items seized.

It is also requested that you make specific inquiry of each government agent connected to the case for each of the above items. <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir.) (prosecutor will be deemed to have knowledge or any access to anything in possession, custody or control of any federal agency participating in the same investigation), <u>cert. denied</u>, 110

**Saipan Office**
1st Floor, San Jose Court Building
Cor.Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031    Document 39-3    Filed 01/19/2007    Page 17 of 18

S. Ct. 167 (1989); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise made by agent to witness even if prosecutor did not know); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI is deemed to be in custody of United States attorney); United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of the prosecution); United States v. Jackson, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge is attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution).

If you decline to disclose any of the above items, or if you have doubts as to the propriety of disclosure, please submit the questioned material to the court for its review. United States v. Lehman, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); United States v. Cadet, 727 F.2d 1453, 1470 (9th Cir. 1984). The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting your duty to disclose favorable evidence. United States v. McClintock, 748 F.2d 1278, 1285 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985). Therefore, any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." United States v. Ramirez, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).

Finally, please consider this request to be for continuing discovery of the above-mentioned items pursuant to Fed. R. Crim. P. 16(c).

All items should be disclosed one week from the arraignment date, the date set by Local Rule and well before trial. United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987); United States v. Bailey, 689 F. Supp. 1463, 1472 (N.D. Ill. 1987) (exculpatory evidence ordered produced "immediately").

Thank you in advance for your prompt attention to this matter.

Sincerely,

*Mark Smith*

Mark Smith

Saipan Office
1st Floor, San Jose Court Building
Cor. Ghiyeghi Street and Wischira Way, San Jose
PMB 886 Box 10001, Saipan MP 96950
Telephone: (670) 234-8801 Facsimile: (670) 234-1251

Case 1:06-mj-00031   Document 39-3   Filed 01/19/2007   Page 18 of 18