BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Mark S. Smith, Esq.
THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
Telephone: (671) 477-6631

Attorneys for Defendant:
WEN YUEH LU

FILED
DISTRICT COURT OF GUAM
JAN 19 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WEN YUEH LU,<br><br>    Defendant. | MAGISTRATE CASE NO. 06-00031<br><br>**MOTION TO DISMISS; or<br>in the alternative TO SUPPRESS<br>EVIDENCE FOR DESTRUCTION<br>OF EVIDENCE** |

**MOTION TO DISMISS; or in The Alternative
TO SUPPRESS EVIDENCE FOR DESTRUCTION OF EVIDENCE**

COMES NOW Defendant Wen Yueh Lu, through counsel undersigned, and respectively moves the Honorable Court for an order granting the Defendant's Motion to Dismiss; or, in the alternative, to suppress evidence that relates to the Government's destruction of evidence. Defendant's motion is based upon the memorandum and support herein, prior orders and record herein. In support of this motion, Defendant relies upon the authorities filed herein below.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Dismiss.wpd

## **POINTS AND AUTHORITIES**

### BACKGROUND FACTS

On September 9, 2006, Defendant Wen Yueh Lu and his vessel Marshalls 201 upon which he was the captain was forcibly brought into the Port of Guam pursuant to the U.S. Government's investigation of illegal fishing.

On October 2, 2006, the Government seized and removed the Defendant Wen Yueh Lu and Marshalls 201 laptop computer INMARSAT C (herein "INMARSAT Computer") from the vessel Marshalls 201. See, Attorney Berman letter dated October 4, 2006 to U.S. Attorney, p. 1, footnote 1, Exhibit "A", attached.

On October 4, 2006, Defendant requested in writing that the Government provide a evidence tag or receipt for the seized INMARSAT Computer. Exhibit "A".

Notwithstanding the written request for acknowledgment, evidenced tag or receipt, U.S. Government offered no response whatsoever.

On October 5, 2006, the Marshalls 201 and its Captain Defendant Wen Yueh Lu were formerly arrested in Guam.

On October 13, 2006, Defendant's counsel requested in writing that the INMARSAT C computer which was seized by the Government, be promptly returned to Defendant. See, Attorney Berman letter dated October 13, 2006, p. 1, ¶A, no. 3, attached Exhibit "B".

On November 22, 2006, the Government returned the destroyed INMARSAT C Computer to Defendant's counsel in Guam. See, color photographs broken INMARSAT C computer, attached Exhibit "C".

On December 7 and 8, 2006, Defendant Lu testified under oath in Deposition to

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Dismiss.wpd

his complaint that the Government had taken and destroyed his INMARSAT C computer. See, Deposition Lu, excerpt pp. 67-72, attached Exhibit "D".

On December 9, 2006, Defendant Wen Yueh Lu was arrested on charges based on this Magistrate Complaint.

On December 29, 2006, the Government provided its selected discovery in 1 DVD-Rom disc.

On January 9, 2007, Defendant Lu requested in writing that the INMARSAT C computer be restored or repaired, or otherwise Defendant would bring a Motion to Dismiss the case. See, Attorney Smith letter dated January 9, 2007, p. 2, ¶C, no. 16 (Notice Motion to Dismiss), attached Exhibit "E".

Thereafter to present, the Government has provided no response to the destruction of this valuable exculpatory evidence.

## LEGAL AUTHORITY

The United States Supreme Court recognized that due process rights are implicated when potentially exculpatory evidence has been lost or destroyed by the Government. *Arizona v. Youngblood,* 448 U.S. 51, 109 S. Ct. 333, 337 (1988), *citing Lisenba v. California,* 314 U.S. 219, 236 (1941). In *Youngblood* the Court held that in order for a criminal defendant to establish a denial of the due process, he or she must show bad faith on the part of the prosecution in failing to preserve such evidence and that the destroyed evidence is favorable to the defense. *Id; California v. Trombetta,* 467 U.S. 479, 489 (1984); *May v. Collins,* 935 F. 2d 299, 315 (5th Cir. 1992), *citing Brady v. Maryland,* 373 U.S. 83, 87 (1963).

In *United States v. Boyd*, 961 F. 2d 434, 435-437 (3d Cir. 1992), the United States Court of Appeals for the Third Circuit reviewed a similar claim where the Government destroyed a defendant's positive urine test before it could be subjected to an independent defense examination. Although the court indicated that the defendant's argument appeared to "have some merit," it held that no bad faith existed because the specimen was destroyed pursuant to the standard procedure of an independent (non government) laboratory which conducted the test. *Id*. At 437.

It is presently unknown to the defense why exactly the subject evidence was destroyed. Likewise, the defense does not know if the destruction was undertaken pursuant to a standard NOAA or Coast Guard policy. It is undisputable, however, that even if the destruction occurred prior to this Court's Standing Discovery Order, the prosecution must have anticipated that the defense would seek to use - as well as - inspect and analyze the original working laptop computer INMARSAT C.

After the October 4, 2006, Defendant written request that an evidence tag or receipt be provided for the seized INMARSAT C computer, the Marshalls 201 and its captain Defendant Wen Yueh Lu were formally arrested. This appears a retaliatory motive. To further this particular motivation, after the December 7 and 8, 2006 deposition by Defendant Lu that asserted his complaint that the government had taken and destroyed his INMARSAT C laptop computer, together with photographs of the computer submitted in deposition, the Government on December 9, 2006 filed for the first time a criminal charge solely against Defendant Lu and arrested Lu at the airport. This is odd because the Captain Defendant Lu and his crew were all released and free to go after the vessel Marshalls 201 was released on October 13, 2006 based upon the

deposit of a reasonable bond. It is respectfully submitted that bad faith can be found under these circumstances of repeated retaliation.

The prejudice which has accrued to the Defendant as a result of the destruction of the evidence is patent. The Defendant has been stripped of the ability to effectively counter the erroneous tracking coordinates undertaken by the Coast Guard and NOAA. Accordingly, it would be fundamentally unfair to permit the Government to go forward with the charge of "Refusal to Stop" on September 9, 2006 when Defendant's evidence of his precise location and track was destroyed by the Government. At the very least, the Government should be precluded from utilizing the flawed and erroneous Coast Guard and NOAA evidence of location and track of Defendant and Marshalls 201.

## CONCLUSION

Based on the foregoing arguments and authorities, this Court is respectfully urged to dismiss the Complaint, or to enter an Order precluding the Government from offering any evidence regarding the locations and track of the Marshalls 201 and Defendant Lu in September 2006, because the onboard laptop INMARSAT C Computer was intentionally destroyed by the Government.

Dated this ____ day of January, 2007.

Respectfully submitted,

Attorneys for Petitioner/Defendant:
*WEN YUEH LU*

**BERMAN O'CONNOR & MANN**
**THE LAW OFFICES OF MARK S. SMITH**

By: _____
**DANIEL BERMAN**
**MARK S. SMITH**

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Mtn Dismiss.wpd

# BERMAN O'CONNOR & MANN
ATTORNEYS AT LAW
Suite 503, Bank of Guam Building
111 Chalan Santo Papa, Hagåtña, Guam 96910
Telephone: (671) 477-2778
Fax: (671) 477-4366
E-mail: bermlaw@kuentos.guam.net

**SAIPAN OFFICE**
Second Floor, Nauru Building
P.O. Box 501969, Saipan MP 96950-1969
Telephone: (670) 234-5684/5
Fax: (670) 234-5683
E-mail: odb.law@Saipan.com

**POHNPEI OFFICE**
Town Plaza, Suites One and Two
P. O. Box 2069, Kolonia, Pohnpei
Federated States of Micronesia, 96941
Telephone: (691) 320-6450
Fax: (691) 320-6451
E-mail: msipos@mail.fm

October 4, 2006

**VIA E-MAIL, FACSIMILE & U.S. MAIL:**
(671) 472-7215

Mikel W. Schwab, Esq.
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

Re: *F/V Marshalls No. 201*

Dear Mikel,

In response to your letter dated October 2, 2006, I believe it best to memorialize in letter form my client's previous e-mails and in addition offer some modifications. The U.S. should understand that while my client is not in a position to post a multi-million bond for the release of the F/V Marshalls No. 201 in the foreseeable future, the client does now offer to post a $1.0 million bond to substitute for the vessel.

The officers and crew from the F/V Marshalls No. 201 are not instructed to stay or leave the vessel in order to assist in its operation and maintenance after formal arrest. Despite the absence of instruction from my client, I understand that some crew will voluntarily accept a U.S. offer for employment. The technical difficulties, maintenance and cost together with the responsibility for the vessel will be transferred to the U.S. upon formal arrest and seizure of the Marshalls No. 201. A complete inventory list of the vessel is expected and said inventory is requested to be provided to my client as soon as possible[1]. My clients are prepared for the peaceful and orderly transition of the vessel to the custody of the U.S. upon receipt of formal arrest orders or related law enforcement command.

From review of your October 2, 2006, it is difficult to know if you heard what Mr. Koo personally appeared before you to explain. First, he made a personal apology to

---

[1] Please provide us a property receipt for your agent Capt. Unterburg's removal of the vessel's laptop computer and weather/fax computer on October 2, 2004. When the Coast Guard removed other valuable navigation equipment, they were professional and provided receipts for the seized gear.

E:\Jean\Ltrs\DJB\schwab. mikel 100206.wpd

**EXHIBIT "A"**

you, the NOAA representatives and the U.S. Government. Second, he had offered to pay a $1.04 million cash fine. This offer to pay a cash fine encompassed all eight violations asserted under the Magnuson Act at the maximum rate of $130,000.00 per violation. Four, my client offered to pay for remedial measures in future fishing operations, a repeat of what was offered on April 13, 2006 to the U.S. Government (which has been unfortunately not accepted up until October 2006). Last, my client offered the fish catch value estimated by USG at $500,000.00.

Mr. Koo expressed his concern that it may be improvident for the most wealthy and omnipotent nation of the world to selectively enforce the furthest extreme line of its EEZ against only my client. Mr. Koo attempted to articulate in a foreign language, his belief that the U.S. was in a state of over reaction in seeking to make a future example of my client in establishing a world record setting fine for fishing violations.

No one of my clients disagree that the U.S. is wrong to enforce their rights in their own EEZ; nor, that the Marshalls No. 201 was arrested (by a distance of 1 or 2 miles at most) inside the U.S. Government's Code of Federal Regulations - defined coordinates for the location of U.S. EEZ around Howland and Baker Islands. But, no one in the US or NOAA seems to take responsibility for the omissions and deficiencies of the only publicly available chart of the location of the U.S. EEZ boundary around Howland and Baker Islands. This is known as the 3rd Revision July 2001, Department of Ocean Affairs Map styled "Claimed and Potential Maritime Zones on the Central and South Pacific" ("DOA Chart"). This particular EEZ line is not settled by final agreement or treaty with the Kiribati Islands.

You are correct that my client denies being "fully aware of the line" and intentionally poaching within it. The only EEZ line available to my client's Captain was the DOA Chart, which is a line of approximately a 20 mile band width. The US best case coordinates for the location of the vessel and location of the U.S. EEZ line puts the vessel at no more than one to two miles inside the line. Simply look at the past 14 year history of my clients fishing industry. No other example of entry by my client's vessels into the US EEZ and taking a set of fish exists, but for this case where the US watched and waited, and declined to implement offered remedial measures that would have warned the Marshalls No. 201 of the CFR-defined coordinates and the line that connects it. The summary of all the other allegations against my clients are FAD's let loose to float in the water, and "gear out" when traveling through the U.S. EEZ.

My client is not oblivious, as you argue, to the previous instance of their payment of a $50,000.00 fine for the Niuguini No. 103 floating FAD violation. This fine should have been a far lesser sum as a first offense. Because the US did not disclose

NOAA's September 1989 Penalty Schedule, my then unrepresented client wished to make immediate peace and avoid any disputes with the US. Review of the then penalty Schedule should have made clear that alleged violation was equal to more than $10,000.00.

That Niuguini No. 103 FAD like all other the FAD alleged violations, to my knowledge, were FAD's released in international waters or waters where my clients had the right to fish. Currents, winds and weather move the unfettered FADs around the waters after they are released. No court cases nor published legal opinion declares that the release of a FAD that accidentally travels through U.S. EEZ waters is the equivalent of intentional fishing, as defined by the Magnuson Act

On or about September 7, 2006, the U.S. claims that my clients committed multiple violations of U.S. fishing laws. But, over three weeks of time have passed, and the US has still failed to provide to us the evidence, coordinates, photographs and proof regarding these further fishing violations in support of broad accusations against the Koos No. 101, 107 and 108 vessels fishing in the U.S. waters. We have repeatedly asked for, but been denied, any review or access to this new proof upon which NOAA asserts that $36 million may be owed to the US and that my client's failure to pay the multi-millions of dollars demanded in penalties is cause for forfeiture of as many as 4 purse seine vessels.

I look forward to working with you in the near future to minimize the problems with the arrest and seizure of the F/V Marshalls No. 201, its officers and crew.

Please contact me should you have any questions.

Very truly yours,

Daniel J. Berman

E:\Jean\Ltrs\DJB\schwab. mikel 100206.wpd

**BERMAN O'CONNOR & MANN**
ATTORNEYS AT LAW
Suite 503, Bank of Guam Building
111 Chalan Santo Papa, Hagåtña, Guam 96910
Telephone: (671) 477-2778
Fax: (671) 477-4366
E-mail: bermlaw@kuentos.guam.net

**SAIPAN OFFICE**
Second Floor, Nauru Building
P.O. Box 501969, Saipan MP 96950-1969
Telephone: (670) 234-5684/5
Fax: (670) 234-5683
E-mail: odb.law@Saipan.com

**POHNPEI OFFICE**
Town Plaza, Suites One and Two
P. O. Box 2069, Kolonia, Pohnpei
Federated States of Micronesia, 96941
Telephone: (691) 320-6450
Fax: (691) 320-6451
E-mail: msipos@mail.fm

October 13, 2006

**VIA E-MAIL, FACSIMILE & U.S. MAIL:**
**(671) 472-7215**

Mikel W. Schwab, Esq.
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

      Re:    *Marshalls No. 201 Return of Instruments and Equipment*

Dear Mikel:

      I am writing to follow up on our discussion late October 12, 2006 with respect to the return of the instruments and navigation equipment necessary for the operation of the vessel Marshalls No. 201. Pursuant to the posted bond and order to release the vessel, I amicably request that the instruments and equipment for navigation and fishing be returned to the vessel Marshalls No. 201 as soon as possible. Please work with me to identify the most expedient means of transport and return of the below equipment for the Marshalls No. 201. These instruments and equipment may be divided into two (2) categories and include the following:

      **A.**    **Necessary to Navigate And Fish.**

      1.    Furuno GPS Navigator, GP-90, Serial No. 4400-7672, dated September 14, 2006, Tag No. 009.

      2.    Furuno GPS Navigator, Serial No. 4400-0450, dated September 20, 2006, Seized Property Receipt No. 30549.

      3.    Two lap top computers, VMS programmed for broadcast signal and communication with FFA, necessary to fishing. Dated October 2, 2006. See, Letter D. Berman to M. Schwab, dated October 4, 2006, attached.

**EXHIBIT "B"**

4. Two color plotter memory cards, No. B5XX.0081 Class S*, No. B5XX.0081 Class G, dated September 20, 2006, Seized Property Receipt No. 30540.

5. Two color plotter memory cards, No. B7B5.0110, No. B5XX.0081, dated September 20, 2006, Seized Property Receipt No. 30541.

6. South Pacific Regional Purse Seine Log Sheet, dated September 13, 2006, Tag No. 06-028-001.

7. Claim to Potential Maritime Zones chart, Second Revision, March 1995, dated September 13, 2006, Tag No. 06-028-005.

8. Marshalls No. 201 Ship's Log Book, estimated value $35.00. September 13, 2006. Tag No. 06-028-004.

**B.** **Ship's Logs and Documents.**

9. Marshalls No. 201 fish hold layout / log. Dated September 13, 2006. Tag No. 06-028-002.

10. Brown Engineering Log Book "NiuGini_._ _ _" on the cover. Dated September 13, 2006. Tag No. 06-028-008.

11. Koo's Fishing Company Ltd. Engineering log book. Blue in color. Dated September 13, 2006. Tag No. 06-028-007.

12. Tuvalu to Palmyra Atoll. No. 2031 o.r., Nautical Chart, dated September 13, 2006. Tag No. 06-028-006.

13. Two (2) FAD, Green Notebook. Dated September 20, 2006. Tag No. 30538.

14. Koo's 106, Blue Log Book. Dated September 20, 2006. Seized Property Receipt No. 30539.

15. Green Notebook. Dated September 20, 2006. Seized Property Receipt No. 27069.

16. Fishing Log Sheets. Dated September 20, 2006. Seized Property Receipt No. 30542.

Please advise me at your earliest convenience regarding the means and estimated date of return of the above Marshalls No. 201 property. I look forward to hearing from you and working together in the near future.

Very truly yours,

Daniel J. Berman

Attachments: Copies of Evidence Receipts and Tags
D. Berman Letter October 4, 2002

ons - None

you for promoting boating safety.

ing Officer: Przybyla, Thomas E.

ing Officer Signature: [signature] Date: 9/9/06

I Representative Signature: LU, WEN-YUCH

ACY ACT STATEMENT required by Public Law 93-579
ORITY: 46 U.S.C. 2302, 46 U.S.C. 4311, 46 U.S.C. 12309, 46 U.S.C. 4106, 46 U.S.C.
2, 14 U.S.C. 89.
IPAL PURPOSE(S): Document boarding officer's report, to assess civil penalty action,
propriate, to facilitate collection of any civil penalties assessed, and to give
owner/operator written notice of boarding. Information will be retained on file
years and will be considered in the event of future violation(s), except some

---

① 

| AG NUMBER | DATE (Day, Month, Year) |
|---|---|
| 009 | 14 SEP 2006 |

his tag receipts for property * (received) * (taken) from
older. It must be presented to the evidence custodian
f the retaining unit to obtain release of the item listed
n the matching portion of this ticket and below. By
cceptance of this stub and signature on matching
ortion, holder agrees to the information entered on
oth portions of this ticket.

DESCRIPTION (Include condition and value)

FURUNO GPS NAVIGATOR
GP-90. SER. No: 4400-7672
EST VALUE $400.

LU, WEN-YUCH
SIGNATURE OF RECEIVER

* Strike out inapplicable word

---

**SEIZED PROPERTY RECEIPT**

NO. 156355

DATE: 15 SEP 2006

ARTICLE(S) SEIZED: 500 TONS SKIPJACK
AND ALL OTHER CATCH ON BOARD
WORTH APPROX $450,000

AUTHORIZED OFFICER SIGNATURE
[signature] LU, WEN-YUCH

NOAA FORM 88-86 (12-78)

## SEIZED PROPERTY RECEIPT
## 30549 ②

DATE: 7-20-06

ARTICLE(S) SEIZED: Garmin GPS Navigator

S/N 94410-0150

AUTHORIZED OFFICER SIGNATURE
[signature]

NOAA FORM 88-86 (11-89)

## SEIZED PROPERTY RECEIPT
## 30540

NO.

DATE: 09-20-06

ARTICLE(S) SEIZED: Evidence Box #1049434

(2) Color Plotter Memory Cards

#B25XX.0081 Chart - S

#B5XX.0081 Chart - G

AUTHORIZED OFFICER SIGNATURE

NOAA FORM 88-86 (11-89) ④

## SEIZED PROPERTY RECEIPT
## 30541

DATE: 09-20-06

ARTICLE(S) SEIZED: Evidence Box #1049434

Color Plotter Memory Cards

B2B5.0115

B5XX.0081

AUTHORIZED OFFICER SIGNATURE
[signature]

NOAA FORM 88-86 (11-89) ⑤

**BERMAN O'CONNOR & MANN**
ATTORNEYS AT LAW
Suite 503, Bank of Guam Building
111 Chalan Santo Papa, Hagåtña, Guam 96910
Telephone: (671) 477-2778
Fax: (671) 477-4366
E-mail: bermlaw@kuentos.guam.net

**SAIPAN OFFICE**
Second Floor, Nauru Building
P.O. Box 501969, Saipan MP 96950-1969
Telephone: (670) 234-5684/5
Fax: (670) 234-5683
E-mail: odb.law@Saipan.com

**POHNPEI OFFICE**
Town Plaza, Suites One and Two
P. O. Box 2069, Kolonia, Pohnpei
Federated States of Micronesia, 96941
Telephone: (691) 320-6450
Fax: (691) 320-6451
E-mail: msipos@mail.fm

October 4, 2006

**VIA E-MAIL, FACSIMILE & U.S. MAIL:**
(671) 472-7215



Mikel W. Schwab, Esq.
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

Re: *F/V Marshalls No. 201*

Dear Mikel,

In response to your letter dated October 2, 2006, I believe it best to memorialize in letter form my client's previous e-mails and in addition offer some modifications. The U.S. should understand that while my client is not in a position to post a multi-million bond for the release of the F/V Marshalls No. 201 in the foreseeable future, the client does now offer to post a $1.0 million bond to substitute for the vessel.

The officers and crew from the F/V Marshalls No. 201 are not instructed to stay or leave the vessel in order to assist in its operation and maintenance after formal arrest. Despite the absence of instruction from my client, I understand that some crew will voluntarily accept a U.S. offer for employment. The technical difficulties, maintenance and cost together with the responsibility for the vessel will be transferred to the U.S. upon formal arrest and seizure of the Marshalls No. 201. A complete inventory list of the vessel is expected and said inventory is requested to be provided to my client as soon as possible[1]. My clients are prepared for the peaceful and orderly transition of the vessel to the custody of the U.S. upon receipt of formal arrest orders or related law enforcement command.

From review of your October 2, 2006, it is difficult to know if you heard what Mr. Koo personally appeared before you to explain. First, he made a personal apology to

---

[1] Please provide us a property receipt for your agent Capt. Unterburg's removal of the vessel's laptop computer and weather/fax computer on October 2, 2004. When the Coast Guard removed other valuable navigation equipment, they were professional and provided receipts for the seized gear.

E:\Jean\Ltrs\DJB\schwab. mikel 100206.wpd

## Receipt 6

TAG NUMBER: 6-028-001
DATE: 13 SEP 2006

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

SOUTH PACIFIC REGIONAL PURSE SEINE LOGSHEET

⑥

L.D. WEN-YUEH
SIGNATURE OF RECEIVER

* Strike out inapplicable word

## Receipt 7

TAG NUMBER: 06-028-0002 (?)
DATE: 13 SEP 2006

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

(1) Channel and Potential Machine Zones Chart.

DESCRIPTION (Include condition and value)

2nd revision, March 1995

⑦

L.D. WEN-YUEH
SIGNATURE OF RECEIVER

* Strike out inapplicable word

## Receipt 8

TAG NUMBER: 6-028-003
DATE: 13 SEP 06

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

F/V MARSHALLS 201
VALUE UNKNOWN

L.D. WEN-YUEH
SIGNATURE OF RECEIVER

* Strike out inapplicable word

## Receipt 9

TAG NUMBER: 06-028-0004
DATE: 13 SEP 2006

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

F/V MARSHALLS 201 SHIP'S LOG BOOK. EST VALUE OF $35

⑧

L.D. WEN-YUEH
SIGNATURE OF RECEIVER

* Strike out inapplicable word

| TAG NUMBER | DATE (Day, Month, Year) |
|---|---|
| 6-028-002 | 13 SEP 2006 |

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

MARSHALLS 201 FISH HOLD LAYOUT/LOG

(9)

LO. WEN-YUEH
SIGNATURE OF RECEIVER
* Strike out inapplicable word

---

| TAG NUMBER | DATE (Day, Month, Year) |
|---|---|
| 06-028-008 | 13 SEP 2006 |

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

BROWN ENGINEERING LOG BOOK "NIUGINI____" ON COVER

(10)

LO. WEN-YUEH
SIGNATURE OF RECEIVER
* Strike out inapplicable word

---

| TAG NUMBER | DATE (Day, Month, Year) |
|---|---|
| 06-028-007 | 13, SEP, 2006 |

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

KOO'S FISHING COMPANY LIMITED ENGINEERING LOG BOOK BLUE IN COLOR

(11)

LO. WEN-YUEH
SIGNATURE OF RECEIVER
* Strike out inapplicable word

---

| TAG NUMBER | DATE (Day, Month, Year) |
|---|---|
| 06-028-006 | 13/SEP/2006 |

This tag receipts for property * (received) * (taken) from holder. It must be presented to the evidence custodian of the retaining unit to obtain release of the item listed on the matching portion of this ticket and below. By acceptance of this stub and signature on matching portion, holder agrees to the information entered on both portions of this ticket.

DESCRIPTION (Include condition and value)

TUVALU TO PALMYRA ATOLL #2031 JR

(12)

LO. WEN-YUEH
SIGNATURE OF RECEIVER
* Strike out inapplicable word

**SEIZED PROPERTY RECEIPT** (13)
NO. 30538
DATE: 9/20/06
ARTICLE(S) SEIZED: (2) FAO, Green Notebook

_John Baysky_
AUTHORIZED OFFICER SIGNATURE

NOAA FORM 88-86 (11-89)

**SEIZED PROPERTY RECEIPT** (14)
NO. 30539
DATE: 9/20/06
ARTICLE(S) SEIZED: Koo's 106
Blue Log Book

_John Baysky_
AUTHORIZED OFFICER SIGNATURE

NOAA FORM 88-86 (11-89)

**SEIZED PROPERTY RECEIPT** (16)
NO. 30542
DATE: 9/20/06
ARTICLE(S) SEIZED: Fishing Log Sheets

_John Baysky_
AUTHORIZED OFFICER SIGNATURE

NOAA FORM 88-86 (11-89)

**SEIZED PROPERTY RECEIPT** (15)
NO. 27069
DATE: 9/20/06
ARTICLE(S) SEIZED: Green Note Book

_John Baysky_
AUTHORIZED OFFICER SIGNATURE

NOAA FORM 88-86 (11-89)