BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96932
Telephone: (671) 477-2778

Mark S. Smith, Esq.
THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
Telephone: (671) 477-6631

Attorneys for Defendant:
*WEN YUEH LU*

FILED
DISTRICT COURT OF GUAM
JAN 26 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WEN YUEH LU,<br><br>　　　　　Defendant. | MAGISTRATE CASE NO. 06-00031<br><br>**DEFENDANT'S MOTION AND MEMORANDUM TO ENTER PLEA OF NOLO CONTENDERE** |

### I. MOTION

Defendant Wen Yueh Lu hereby moves to enter a plea of Nolo Contendere pursuant to Fed.R.Crim.Pro. Rule 43(b)(2) and Fed.R.Crim.Pro. Rule 11(a)(1).

### II. PRELIMINARY STATEMENT

This memorandum is submitted by Defendant Wen Yueh Lu in support of his motion to enter a nolo contendere plea pursuant to Federal Rule of Criminal Procedure Rule 43(b)(2) and Federal Rule of Criminal Procedure Rule 11(a)(1).

### III. ARGUMENT

On December 8, 2006, this case initiated with the filing of a magistrate's complaint against Defendant Wen Yueh Lu ["Defendant"]. Defendant plead not guilty to the charge in that magistrate's complaint.

On January 16, 2007, Defendant executed a consent and waiver consenting to the court proceeding in Defendant's absence and waiving the right of Defendant to appear in person for Defendant's trial and sentencing, if applicable, pursuant to Federal Rule of Criminal Procedure Rule 43(b)(2).

The court subsequently granted leave for this proceeding to go forward in Defendant's absence and Defendant left Guam to return to Taiwan.

Defendant now seeks to enter a plea of nolo contendere pursuant to Federal Rule of Criminal Procedure Rule 11(a)(1). Defendant is not available to formally sign a consent to enter that nolo contendere plea but has consented to legal counsel's representation to the court of his willingness to consent to a nolo contendere plea.

Courts may accept a plea of nolo contendere over the objection of government counsel. U.S. v. Baltimore & Ohio R.R., 543 F.2d 821, 823 and 823 n.4 [D.D.C. 1982] [permitting nolo contendere pleas over objection of government counsel and stating that statistics "belie the government's argument that exercise of the court's discretion should be reserved for exceptional circumstances"]. Compare U.S. v. Jones, 119 F.Supp. 288, 290 [S.D.Cal.1954] [nolo contendere plea should be accepted in the absence of a compelling reason to the contrary]. In this case, there are no compelling reasons that Defendant should not be permitted to enter a plea of nolo contendere, and Defendant requests that the court exercise its discretion to permit Defendant to enter a nolo contendere plea.

## IV. CONCLUSION

Defendant requests that the motion to enter a nolo contendere plea be granted pursuant to Federal Rule of Criminal Procedure Rule 43(b)(2) and Federal Rule of Criminal Procedure Rule 11(a)(1).

Dated this 26th day of January, 2007.

Respectfully submitted,

Attorneys for Petitioner/Defendant:
*WEN YUEH LU*

BERMAN O'CONNOR & MANN
THE LAW OFFICES OF MARK S. SMITH

By: _____
DANIEL BERMAN
MARK S. SMITH