ORIGINAL

Lu.rsp2

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JAN 30 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 06-00031 |
| Plaintiff, | UNITED STATES OPPOSITION TO ENTRY OF NOLO CONTENDERE PLEA |
| vs. | |
| WEN YUEH LU, | |
| Defendant. | |

The government objects to any attempt by defendant's counsel to enter a nolo contendere plea. Defendant executed a waiver of his right to be present for entry of guilty plea, trial and sentencing. He did not waive any right to be present for any other proceeding. Rule 43(b)(2) can hardly be more clear on this point: any proceeding *in absentia* must be upon the written consent of the defendant. Counsel has not submitted any writing reflecting a written consent by defendant.

Second, nolo contendere pleas are not favored, for numerous policy reasons. The United States Attorney's Manual, § 9-27.500 is attached hereto as Exhibit 1, and sets forth the philosophical objections to such proceedings by the Department of Justice. Except in unusual

-1-

circumstances, it impugns the integrity of our justice system by allowing a person to persist in any denial of wrongdoing, when the basic purpose of our system is reformation, which starts with an admission of wrongdoing and an acceptance of responsibility.

The fact that a nolo contendere plea is not a plea of guilty, and hence not an admission that one has committed a crime, can have consequences far beyond the initial proceeding. For example, in United States v. Nguyen, 465 F.3d 1128 (9th Cir. 2006), Nguyen had been ordered deported back to Vietnam, but because the United States and Vietnam do not have a repatriation agreement, he could not be removed. Instead, the Bureau of Immigration and Customs Enforcement (ICE) released him from custody on an order of supervision, pursuant to 8 U.S.C. § 1231(a)(3), one of the conditions being that he "not commit any crimes while on this Order of Supervision." Id. at 1129. Two years later he was allowed to plead nolo contendere to two misdemeanor offenses in Alaska, and ICE brought a charge for willfully failing to comply with his terms of release. The government proved its allegation that he had committed a crime by introducing certified judgments of his nolo contendere pleas. The Ninth Circuit reversed. The court noted that a nolo contendere plea is not an admission of factual guilt. "It merely allows the defendant so pleading to waive a trial and to authorize the court to treat him as if he were guilty." Id. at 1130. Such a plea, however, "is not by itself sufficient evidence to prove a defendant committed the underlying crime." Id. at 1131.

Because of the multiple consequences of a guilty plea, and the importance of admitting that one has violated the law, nolo contendere pleas should be countenanced in very limited circumstances. In United State v. Bagliore, 182 F.Supp. 714 (E.D.N.Y. 1960), for example, the court allowed such a plea because there were serious questions about the defendant's mental health, which indicated a condition "where there may be a failure to fully and clearly recognize the consequences of a criminal act and the moral turpitude involved." Id. at 716.

The most common reason for such a plea, and virtually the only circumstances in which the courts allow it, is when a defendant is charged with a crime and also faces civil litigation

Case 1:06-mj-00031    Document 49    Filed 01/30/2007    Page 2 of 6

arising out of the same facts. Federal Rule of Evidence 803(22) provides that "[e]vidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year," is admissible to prove any fact essential to sustain the judgment. This was the situation in the case cited by defendant, United States v. Jones, 119 F.Supp. 288 (S.D.Ca. 1954), which reviewed the reasons offered by the defendants, who sought to enter nolo contendere pleas:

> "Defendants claim a potential of civil litigation based upon the same transactions pleaded in the Indictment. They tell the the Court that they are willing not to contend against the charges but desire not to create evidence which could be used as an admission to other potential litigation. To avoid exacting an admission which could be so used, is the main, if not only, modern purpose of nolo contendere." Id. at 290.

Thus, this case was predicated upon the fact that other litigation was pending. The court asked the government what policy reason it could present to counter the "defendant's understandable desire to not create evidence against themselves." Id. The government had no specific reason for its objection, other than one of general policy. The district court allowed the entry of the plea, noting that it "is always important for courts to avoid permitting criminal prosecution to be used as a means of redressing civil wrongs, and by mens of a criminal judgment, procuring either directly or indirectly some advantage in a civil case." Id. It cited other cases where such pleas had been allowed specifically for the purpose of forestalling the use of a criminal conviction to prove elements in a subsequent civil case.

Defendant has no such basis for a nolo contendere plea. He is not a party to any civil proceeding. More to the point, he is charged with a misdemeanor. Even if he were a party in a civil suit, Federal Rule of Evidence 803(22) prohibits the use of such a conviction against him in any other proceeding. FRE 803(22) only allows the judgment of a previous conviction to prove any fact essential to sustain the judgment, if it concerns "a crime punishable by death or imprisonment in excess of one year." Obviously, a class B misdemeanor is not such a crime.

-3-

Case 1:06-mj-00031  Document 49  Filed 01/30/2007  Page 3 of 6

A misdemeanor cannot even be used to impeach a witness. Thus, for example, if defendant were a witness in the pending civil forfeiture action against the Marshalls 201, Rule 609 would prohibit the government from using a guilty plea to this charge, to impeach his testimony in that trial.

In summary, defendant has proffered no reason why this court should deviate from its normal procedures.

Respectfully submitted this 30th day of January 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *(signature)*
KARON V. JOHNSON
Assistant U.S. Attorney

is taken in open court.

There shall be within each office a formal system for approval of negotiated pleas. The approval authority shall be vested in at least a supervisory criminal Assistant United States Attorney, or a supervisory attorney of a litigating division in the Department of Justice, who will have the responsibility of assessing the appropriateness of the plea agreement under the policies of the Department of Justice pertaining to pleas. Where certain predictable fact situations arise with great frequency and are given identical treatment, the approval requirement may be met by a written instruction from the appropriate supervisor which describes with particularity the standard plea procedure to be followed, so long as that procedure is otherwise within Departmental guidelines. An example would be a border district which routinely deals with a high volume of illegal alien cases daily.

The plea approval process will be part of the office evaluation procedure.

The United States Attorney in each district, or a supervisory representative, should, if feasible, meet regularly with a representative of the district's Probation Office for the purpose of discussing guideline cases.

### 9-27.500 Offers to Plead Nolo Contendere -- Opposition Except in Unusual Circumstances

A. The attorney for the government should oppose the acceptance of a plea of nolo contendere unless the Assistant Attorney General with supervisory responsibility over the subject matter concludes that the circumstances of the case are so unusual that acceptance of such a plea would be in the public interest. *See* USAM 9-16.010, which discusses the approval requirement.

B. Comment. Rule 11(b) of the Federal Rules of Criminal Procedure, requires the court to consider "the views of the parties and the interest of the public in the effective administration of justice" before it accepts a plea of nolo contendere. Thus it is clear that a criminal defendant has no absolute right to enter a nolo contendere plea. The Department has long attempted to discourage the disposition of criminal cases by means of nolo pleas. The basic objections to nolo pleas were expressed by Attorney General Herbert Brownell, Jr. in a Departmental directive in 1953.

> One of the factors which has tended to breed contempt for Federal law enforcement in recent times has been the practice of permitting as a matter of course in many criminal indictments the plea of nolo contendere. While it may serve a legitimate purpose in a few extraordinary situations and where civil litigation is also pending, I can see no justification for it as an everyday practice, particularly where it is used to avoid certain indirect consequences of pleading guilty, such as loss of license or sentencing as a multiple offender. Uncontrolled use of the plea has led to shockingly low sentences and insignificant fines which are not deterrent to crime. As a practical matter it accomplished little that is useful even where the Government has civil litigation pending. Moreover, a person permitted to plead nolo contendere admits his guilt for the purpose of imposing punishment for his acts and yet, for all other purposes, and as far as the public is concerned, persists in th is denial of wrongdoing. It is no wonder that the public regards consent to such a plea by the Government as an admission that it has only a technical case at most and that the whole proceeding was just a fiasco.

> For these reasons, government attorneys have been instructed for many years not to consent

*EXHIBIT 1*

to nolo pleas except in the most unusual circumstances, and to do so then only with Departmental approval. Federal prosecutors should oppose the acceptance of a nolo plea, unless the responsible Assistant Attorney General concludes that the circumstances are so unusual that acceptance of the plea would be in the public interest.

### 9-27.520 Offers to Plead Nolo Contendere -- Offer of Proof

A. In any case in which a defendant seeks to enter a plea of nolo contendere, the attorney for the government should make an offer of proof of the facts known to the government to support the conclusion that the defendant has in fact committed the offense charged. *See also* USAM 9-16.010.

B. Comment. If a defendant seeks to avoid admitting guilt by offering to plead nolo contendere, the attorney for the government should make an offer of proof of the facts known to the government to support the conclusion that the defendant has in fact committed the offense charged. This should be done even in the rare case in which the government does not oppose the entry of a nolo plea. In addition, as is the case with respect to guilty pleas, the attorney for the government should urge the court to require the defendant to admit publicly the facts underlying the criminal charges. These precautions should minimize the effectiveness of any subsequent efforts by the defendant to portray himself/herself as technically liable perhaps, but not seriously culpable.

### 9-27.530 Argument in Opposition of Nolo Contendere Plea

A. If a plea of nolo contendere is offered over the government's objection, the attorney for the government should state for the record why acceptance of the plea would not be in the public interest; and should oppose the dismissal of any charges to which the defendant does not plead nolo contendere.

B. Comment. When a plea of nolo contendere is offered over the government's objection, the prosecutor should take full advantage of Rule 11(b), Federal Rules of Criminal Procedure, to state for the record why acceptance of the plea would not be in the public interest. In addition to reciting the facts that could be proved to show the defendant's guilt, the prosecutor should bring to the court's attention whatever arguments exist for rejecting the plea. At the very least, such a forceful presentation should make it clear to the public that the government is unwilling to condone the entry of a special plea that may help the defendant avoid legitimate consequences of his/her guilt. If the nolo plea is offered to fewer than all charges, the prosecutor should also oppose the dismissal of the remaining charges.

### 9-27.600 Entering into Non-prosecution Agreements in Return for Cooperation -- Generally

A. Except as hereafter provided, the attorney for the government may, with supervisory approval, enter into a non-prosecution agreement in exchange for a person's cooperation when, in his/her judgment, the person's timely cooperation appears to be necessary to the public interest and other means of obtaining the desired cooperation are unavailable or would not be effective.

B. Comment.

1. In many cases, it may be important to the success of an investigation or prosecution to obtain the testimonial or other cooperation of a person who is himself/herself implicated in the criminal conduct being investigated or prosecuted. However, because of his/her