Lu
LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America



ORIGINAL

FILED
DISTRICT COURT OF GUAM
JAN 31 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WEN YUEH LU, ) <br> ) <br> Defendant. ) | MAGISTRATE CASE NO. 06-00031 <br><br> UNITED STATES RESPONSE TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS |

The United States has moved to dismiss this complaint pursuant to FRCrP 48(a). This rule, which requires leave of the court, was promulgated in response to the former practice of some prosecutors, of dismissing charges prior to trial for purposes of harassing defendants by dismissing and reindicting without triggering the protections of the double jeopardy clause. United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988). It was not enacted "for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution." Id. The court cited United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975): "The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated." Hayden went on to hold, that if "the district court finds that the prosecutor is acting

-1-

in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith. Id.

The possibility of new and more serious charges is a valid, good faith reason for the government to move to dismiss a case. In United States v. Wallace, 848 F.2d 1464 (9th Cir. 1988), defendant was initially pending trial on charges related to heroin dealing. Prior to trial, however, the government moved to dismiss the indictment without prejudice, advising the court that it had initiated an investigation into possible tax violations as well. The court granted the motion without prejudice. Some 13 months later, the government re-indicted the case, adding numerous counts of drug trafficking, but no counts related to tax evasion. The district court dismissed with prejudice the counts which had been the subject of the first indictment, and the government appealed. The Ninth Circuit held that the district court had abused its discretion, because the reasons for the government's first dismissal had been proper. There was no showing that the initial motion to dismiss was made for purposes of harassing the defendant, or gaining a tactical advantage. The defendant failed to show the government was not acting in bad faith, though the re-indictment occurred after she had lost a witness and the government had gained another witness to her drug trafficking. The court cited United States v. Goodwin, 457 U.S. 368, 382 (1982): "An initial [indictment] decision should not freeze future conduct. ... [The] initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution."

The district court's decision to dismiss a case with prejudice was reversed by the Ninth Circuit, though it occurred the day of trial, after the government announced it was unable to proceed because it had lost its only witness. United States v. Hattrup, 763 F.2d 376 (9th Cir. 1985), held that the judge had abused his discretion because there was no showing that the government sought the dismissal to gain a tactical advantage or to harass the defendants. The court's inherent power to dismiss the indictment with prejudice should only be exercised "with

-2-

Case 1:06-mj-00031    Document 53    Filed 01/31/2007    Page 2 of 3

great caution, and only after a forewarning to prosecutors of the consequences.," citing <u>United States v. Simmons</u>, 536 F.2d 827, 836 (9th Cir. 1976).

In this case, the government moved to dismiss this charge on January 26, a full week before trial. The defendant opposes the dismissal of this complaint because he wants to enter a plea of nolo contendere,. But in the alternative, if the court denies his motion, then he wants it dismissed with prejudice. In short, defendant seeks to deny that he committed the acts underlying his present charge, and at the same time to create a double jeopardy bar to the government bringing subsequent charges based on the same conduct. The government is acting in good faith. It is seeking this dismissal pending a decision by the Judge Advocate General of the United States Coast Guard as to the applicability of a newly enacted statute, 18 U.S.C. § 2237. The government may properly dismiss a matter if it has reason to believe that further charges may be brought as a result of defendant's conduct. Accordingly, it would be an abuse of this court's discretion to dismiss this complaint with prejudice.

Respectfully submitted this __31st__ day of January, 2007.

> LEONARDO M. RAPADAS
> United States Attorney
> Districts of Guam and CNMI
>
> By: _/s/ Karon V. Johnson_
> KARON V. JOHNSON
> Assistant U.S. Attorney